J. A12043/19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JACQUELINE B. N'JAI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PITTSBURGH | : | |
| MEDICAL CENTER (UPMC) | : | |
| WESTERN PSYCHIATRIC INSTITUTE | : | |
| AND CLINIC (WPIC) | : | |
| ALMA ILLERY MEDICAL CENTER, | : | |
| DR. FELECIA YOUNG, M.D., | : | |
| DR. HUNG CHEUNG, M.D., | : | |
| DR. WILLIAM MUSSER, | : | |
| TRAVELERS INSURANCE COMPANY, | : | |
| RECORD COPY SERVICES, | : | |
| POST AND SCHELL, P.C., | : | |
| THOMAS HUGHES, | : | No. 1742 WDA 2018 |
| ANDREW CONNOLLY, AND | : | |
| PATRICK CONNOR | : | |

Appeal from the Order Entered December 5, 2018,
in the Court of Common Pleas of Allegheny County
Civil Division at No. Case No. GD-18-009256

BEFORE:  BENDER, P.J.E., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          FILED: JULY 11, 2019

Jacqueline B. N'Jai appeals pro se from the December 5, 2018[1] order

entered in the Court of Common Pleas of Allegheny County granting appellees'

motions to dismiss, dismissing appellant's complaint with prejudice to all

---

[1] We note that the trial court order, dated December 4, 2018, was entered on December 5, 2018.  The caption of this case has been corrected to reflect the date the order was entered.

appellees, and ordering that appellant must seek leave of court to file a pro se complaint against any of the appellees in the future. We dismiss this appeal.

The trial court summarized the procedural history of this case as follows:

> [Appellant] filed the prior action [in the United States District Court for the Western District of Pennsylvania] on August 22, 2013 against her landlords and the U.S. Environmental Protection Agency alleging that she was exposed to lead dust and mold in her apartment. [Appellees] Connolly, Hughes, and their firm, Post & Schell, were retained in the prior action to represent the landlords. Post & Schell issued subpoenas for [appellant's] medical records in the prior action, and on January 4, 2016, they filed a status report with the District Court summarizing the subpoenas issued. [Appellant] filed a series of documents in response seeking an order barring Post & Schell from engaging in abusive discovery practices and an order imposing sanctions for alleged discovery abuses.
>
> On April 15, 2016, Judge Nora Barry Fischer entered a memorandum and order in the prior action denying all of [appellant's] requests for relief.
>
>> After carefully considering the parties' written submissions, as well as the oral arguments provided at the hearing on March 24, 2016 (Docket No. 234), the Court will deny each of [appellant's] requests for relief. [Appellant] has failed to present a compelling reason to strike or seal the Defendants' January 4, 2016 Status report or to award sanctions, default judgment, or punitive damages in favor of [appellant]. Her general allegations of perjury, alteration of documents, and other egregious discovery abuses are unpersuasive. Many of these complaints have already been considered and rejected by the Court, and the rest are frivolous,

> unsupported, or concern matters that are not germane to this litigation.

> N'Jai v. Bentz, No. 13-1212 (W.D. Pa. April 15, 2016) (emphasis added). [Appellant] sought reconsideration of the court's order, and on June 14, 2016, the district court issued an order denying [appellant's] request for relief because she provided the same evidence and arguments that the court considered in issuing its April 15, 2016 order. On June 23, 2016, [appellant] requested reconsideration of the court's June 14, 2016 [sic], which the court denied that day.

> The prior action terminated when the district court granted defendants' motion for summary judgment in part and dismissed the remaining claims without prejudice. [Appellant] filed an appeal, and the [United States] Court of Appeals [for the Third Circuit] affirmed. [Appellant] sought rehearing, but that request was denied.

> [Appellant] then filed this action against [appellees] alleging medical and legal malpractice, invasion of privacy, breach of fiduciary duty, breach of doctor-patient confidentiality, abuse of process, spoliation of medical records, intentional infliction of emotional distress, pain and suffering, civil conspiracy, and fraudulent concealment. All these counts relate to the discovery abuses that [appellant] alleges that [appellees] committed in the prior action.

Trial court opinion, 12/5/18 at 1-2 (footnote omitted; emphasis in original).

Appellees filed motions to dismiss appellant's complaint pursuant to Pa.R.Civ.P. 233.1 arguing that all of the claims asserted in appellant's complaint were related to claims previously litigated and resolved. Following a hearing, the trial court granted appellees' motions to dismiss, dismissed appellant's complaint with prejudice to all appellees, and ordered that

appellant must seek leave of court to file a pro se complaint against any of the appellees in the future.

Appellant filed a timely notice of appeal. Appellant also filed a nine-page "Error Statement." ("Plaintiff, Jacquelyn B. N'Jai's Statement of Lower Court's Errors in Case GD-18-009256," 12/10/18.) The trial court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court subsequently filed a Rule 1925(a) opinion in which it relied upon its December 4, 2018 opinion.

Appellant sets forth the following issues for our review:[2]

> 1.   Did a discovery motion by [appellant] in case 13-1212, [different from the GD-009256 case], that denied sanctions against Gary Bentz, Connie Bentz, David McMaster, and Thomas Hughes {in a 4/15/2016 non-final order}, fairly and fully adjudicate the ongoing issues of fraudulent concealment and destruction of [appellant's] medical records?
>
> 2.   Did that discovery order or any discovery order in case 13-cv-1212, fairly dispose of the issues or [appellees] in this instant GD-009256 case?
>
> 3.   Does the clear and convincing evidence of fraudulent concealment and conspiracy between her own health care providers and Opposing

---

[2] These 8 issues that appellant raises for our review are the issues that appellant sets forth in her "statement of questions involved (Pa.R.A.P. 2116)." (Appellant's brief at 14-15.) Appellant violates Pa.R.A.P. 2114 by setting forth 29 additional issues, purportedly for our review, in her "statement of the scope and standard of review (Pa.R.A.P. 2111)." (Appellant's brief at 9-14.) Those 29 issues are not reflected herein because only questions stated in the statement of questions involved will be considered pursuant to Pa.R.A.P. 2116(a).

Counsel in another case, impeach the doctrine of a 233.1 collateral estoppel?

4. Can [appellant] have a fair and full adjudication of issues she knew not enough about until 2017, based upon the discovery order of 4/15/2016? Or any other discovery order in case 13-cv-1212, because of the fraudulent concealment and preclusions of the opposing counsel of the [appellees]?

5. Does the Court grant of 233.1 dismissal of her medical malpractice suit against all [appellees] contradict the MCARE and HIPAA Acts that regulate violations in those acts to do more than deny a discovery sanction in 2016?

6. Does the non-final order unconstitutionally or based upon 233.1, preclude [appellant's] right to appeal the 4/15/2016 order? Or sue for other claims?

7. Did the Appellants' exhibits (that disappeared from the docket on 10/12/2018), offered as UPMC and Alma Illery Appellant's Health Care Providers, Post and Schell [appellees], Travelers, and others, ongoing and during federal and state official civil proceedings, prove the <u>UNCLEAN HANDS OF</u> fraudulent concealment, civil conspiracy, and medical malpractice where their professional services were substandard, dangerous and constituted "unprofessional conduct?"

8. Should Appellant's prima facie medical malpractice complaint be restored, reversed, and considered for trial?

Appellant's brief at 14-15 (emphasis and some brackets in original; grammar, spelling, and punctuation errors in original).

At oral argument, this court cautioned appellant that her brief was "incomprehensible" and the appeal may be dismissed for failure to conform to the Pennsylvania Rules of Appellate Procedure. A review of appellant's brief reveals that she fails to comply with Rules 2111-2119 that set forth the mandatory contents and requirements of an appellant's brief. See Pa.R.A.P. 2111-2119.

Specifically, appellant's statement of jurisdiction fails to "contain a precise citation to the statutory provision" conferring jurisdiction on this court as required by Pa.R.A.P. 2114. (Appellant's brief at 3.) Appellant also fails to set forth verbatim the order on appeal in violation of Pa.R.A.P. 2115(a). (Appellant's brief at 5-8.) Appellant's statement of the case fails to set forth a factual and procedural history of the case in violation of Pa.R.A.P. 2117. Instead, appellant begins arguing:

> this is a case that involves attorneys of the defendants in another case in Federal District Court and now in state court, and her health care providers et al., fraudulently and manipulatively abusing the civil process to commit fraud upon [appellant], the Court, EPA, HHS, and others, to get their clients out of liability, and to hide their UNCLEAN HANDS.

Appellant's brief at 16-17 (emphasis, underlining, and capitalization in original). Rule 2117(b) specifically prohibits the statement of the case from including any argument. See Pa.R.A.P. 2117(b).

Appellant's "summary" of the argument spans 5 pages and is far from concise. (Appellant's brief at 19-24.) See Pa.R.A.P. 2118; see also

Pa.R.A.P. 2118, Note (stating, "appellate courts strongly disfavor a summary that is not concise."). Appellant did not divide her argument, which spans 44 pages, into distinct, separate parts that correspond to the 8 issues raised as required by Pa.R.A.P. 2119(a). (Appellant's brief at 24-68.) Additionally, in those 44 pages, appellant fails to provide any discussion of any of the 8 issues raised with citation to relevant authority. Id. Instead, appellant repeatedly argues that the equitable maxim: "He who comes into equity must come with clean hands" should have prevented the trial court from dismissing appellant's cause of action.[3] See appellant's brief at 24-68; see also Shapiro v. Shapiro, 204 A.2d 266, 268 (Pa. 1964) (discussing, "[t]he doctrine that those seeking equity must come with clean hands"), citing Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814-815 (1945).

When faced with a brief lacking citation to applicable authority and containing no specific argument, or where the argument is not developed – a

---

[3] Appellant fails to argue specifically how the trial court erred in dismissing her cause of action pursuant to Pa.R.Civ.P. 233.1. In reviewing the certified record, as well as appellant's and appellees' briefs, and after listening to oral argument on the matter in which all parties participated, we find no abuse of discretion in the trial court's granting of the motions to dismiss pursuant to Pa.R.Civ.P. 233.1, dismissing appellant's complaint with prejudice, and requiring appellant to seek court permission before filing a pro se complaint against any of the appellees in the future. See Coulter v. Lindsay, 159 A.3d 947, 952 (Pa.Super. 2017) (holding, "[t]o the extent that this question involves an exercise of the trial court's discretion in granting a motion to dismiss, our standard of review is abuse of discretion") (citation omitted), appeal denied, 172 A.3d 1108 (Pa. 2017), cert. denied, 138 S.Ct. 2576 (2018).

brief where we have absolutely no idea what appellant is arguing – the issues raised are not reviewable.  See Commonwealth v. Johnson, 985 A.2d 915, 924 (Pa. 2009) (citations omitted).  "Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant."  Commonwealth v. Adams, 882 A.2d 496, 497-498 (Pa.Super. 2005).  "It is not the obligation of this Court . . . to formulate Appellant's arguments for [her]."  Johnson, 985 A.2d at 924.

Here, the substantial defects in appellant's brief prevent this court from conducting a meaningful judicial review.[4]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2019

---

[4] Although we forgo discussion of the additional defects in appellant's brief, we note that appellant failed to include a certificate of compliance with the word count limit for a brief longer than 30 pages as required by Pa.R.A.P. 2135(a)(1).