J-A12031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IRINA STEPANSKY, DMD, JOHN DOE | : | No. 2256 EDA 2022 |
| I, JOHN AND JANE DOES 1-10 | : | |

Appeal from the Order Entered August 12, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 191102324

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:       **FILED AUGUST 31, 2023**

Sergei Kovalev appeals *pro se* from the order granting Irina Stepansky, DMD's motion to dismiss his complaint with prejudice pursuant to Pennsylvania Rule of Civil Procedure 233.1(a). That rule permits dismissals of *pro se* civil actions asserting "the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants," if the "claims have already been resolved pursuant to a written settlement agreement or a court proceeding." Pa.R.C.P. 233.1(a).We affirm.

## Background

Kovalev has brought three actions against Dr. Stepansky based on dental treatment he obtained from her in November 2015.

***The 2017 Philadelphia Case ("2017 State Action")***:

Kovalev filed a *pro se* complaint in 2017 in the Philadelphia County Court of Common Pleas. The defendants were Dr. Stepansky as well as John Doe; Health Partners, Inc. and William S. George (its chief executive officer); and Avesis, Inc. and Chris Swanker (its chief executive officer) ("the 2017 Defendants"). Kovalev claimed he was mutilated during unauthorized dental procedures performed by Dr. Stepansky and John Doe on two separate dates — November 20 and 25, 2015. He alleged that he authorized Dr. Stepansky to perform dental work on one tooth, but she instead removed 11 portions or surfaces of seven healthy teeth. ***See*** 2017 State Action Amended Compl. at ¶¶ 53, 61. He further claimed Dr. Stepansky had injected him with drugs that caused him to lose consciousness and memory during the procedures, and that the corporate defendants participated with Dr. Stepansky in a fraudulent billing scheme. ***Id.*** at ¶¶ 58-59, 135. Kovalev asserted 28 causes of action against the 2017 Defendants, including assault and battery, fraud, false imprisonment, civil conspiracy, sadistic torture, patient abandonment, breach of contract for dental care, intentional and negligent misrepresentation, patient endangerment, breach of fiduciary duties, and human body mutilation.

The 2017 Defendants thereafter filed a notice of intent to enter judgment of *non pros* for failure to file a certificate of merit.[1] Kovalev responded by moving to quash the notice, arguing that a certificate of merit

---

[1] A certificate of merit is required in professional liability cases. ***See*** Pa.R.C.P 1042.3.

was not required. The trial court denied Kovalev's motions. Finding his complaint sounded in professional negligence, it ordered him to file a certificate of merit. Kovalev responded by filing "certificates" claiming no certificate of merit was required.

Dr. Stepansky then filed preliminary objections for (among other things) the inclusion of scandalous and impertinent matters. The trial court sustained the preliminary objections and dismissed the complaint without prejudice. Kovalev twice sought leave to file an amended complaint but was denied relief. The court denied his motion with prejudice the second time because he failed to attach a proposed amended complaint. Kovalev appealed, and this Court affirmed. *See Kovalev v. Stepansky*, No. 3220 EDA 2018, 2019 WL 5858070 (Pa.Super. 2019) (unpublished mem.). In doing so, we rejected Kovalev's assertion that a certificate of merit was not required for his claims against Dr. Stepansky. *Id.* at *2. We explained:

> Kovalev's complaint details allegations, including, but not limited to, improper dental cleaning (¶ 48), removal of portions of teeth (¶ 55), and not finishing dental work (¶ 60). Although Kovalev's complaint contains many bizarre allegations, the underlying claim involves questions of medical judgment. Accordingly, the trial court correctly required Kovalev to file the proper certificate. His refusal to do so has contributed to the failure of his complaint.

> It is apparent from our review of the certified record that the trial court correctly determined Kovalev would not be able to file a competent complaint, as well as refusing to supply the required certificate of merit. Therefore, there was no abuse of discretion in denying his request to file an amended complaint.

*Id.* at *3 (footnoted omitted).

Kovalev filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on June 30, 2020. ***See Kovalev v. Stepansky***, 237 A.3d 962 (Table) (Pa. 2020).

***The 2019 Federal Action ("2019 Federal Action")***:

In November 2019, Kovalev filed a *pro se* complaint, and later an amended complaint, against Dr. Stepansky and numerous John and Jane Does in the U.S. District Court for the Eastern District of Pennsylvania. Kovalev alleged harm from the same dental work as alleged in the 2017 State Action, *i.e.*, the work Dr. Stepansky performed on November 20 and 25, 2015. **See** 2019 Federal Action Amended Compl. at ¶ 30.

Kovalev again claimed that he only requested treatment by Dr. Stepansky on one tooth but instead she removed 11 portions of seven healthy teeth without his authorization. ***Id.*** at ¶¶ 34, 65. He alleged that he "suffered from the destruction of his multiple body parts only because Dr. Stepansky was collecting multiple large health insurance payments for the theft and destruction of . . . Kovalev's personal property (his body parts) performed without his knowledge and without permission." ***Id.*** at ¶ 99. Kovalev further alleged that Dr. Stepansky injected him with unknown drugs during the procedures. ***Id.*** at ¶ 72. Kovalev asserted numerous state law claims, including assault and battery, breach of fiduciary duties, unjust enrichment, fraud and fraudulent misrepresentation, false imprisonment, breach of implied contract for health care, and negligence. Kovalev also claimed violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), alleging

- 4 -

that Dr. Stepansky stole his personal property, *i.e.*, his body parts. ***Id.*** at ¶¶ 147-49, 159.

The U.S. District Court dismissed Kovalev's amended complaint with prejudice, concluding that personal injuries were insufficient to state a civil RICO claim. The court also determined that it lacked diversity jurisdiction over the remaining state law claims because both Kovalev and Dr. Stepansky were Pennsylvania citizens. The Third Circuit affirmed the dismissal, but modified the order to dismiss the state law claims without prejudice. ***See Kovalev v. Stepansky***, 835 F.App'x. 678 (3d Cir. 2020).

### *The Instant 2019 Philadelphia Case ("2019 State Action")*:

Kovalev instituted the instant action in November 2019 against Dr. Stepansky, John Doe I, and John and Jane Does 1-10. He once again sought damages for injuries sustained during his dental treatment on November 20 and 25, 2015. Kovalev alleged that he authorized Dr. Stepansky to perform dental work on one tooth, but she "remov[ed] without his permission at least eleven (11) healthy portions from at least seven (7) other healthy teeth, and she was mutilating [him] without his permission and without any authorization." 2019 State Action Compl. at ¶ 43. He further alleged that Dr. Stepansky injected him with unknown drugs and was committing insurance fraud. ***Id.*** at ¶¶ 47, 57. He asserted claims of, *inter alia*, assault and battery, fraud and fraudulent misrepresentation, false imprisonment, reckless endangerment, unjust enrichment, breach of implied and express contract for health care, breach of fiduciary duties, negligence, infliction of emotional

- 5 -

distress, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

Dr. Stepansky filed a notice of intent to enter *non pros* due to Kovalev's failure to file a certificate of merit. Kovalev responded with a document styled as "Certificate of Merit," claiming that a certificate of merit was unnecessary because he did not assert any professional negligence claims.

Dr. Stepansky then moved to strike Kovalev's "Certificate of Merit," and Kovalev filed an amended complaint. The trial court, on January 5, 2021, granted Dr. Stepansky's motion to strike Kovalev's certificate of merit. Undeterred, Kovalev refiled his certificates of merit, on January 25, 2021, again stating expert testimony was not necessary.

Ultimately, on March 30, 2022, Dr. Stepansky filed a motion to dismiss pursuant to Pennsylvania Rule of Civil Procedure 233.1. Dr. Stepansky argued that Kovalev's claims in the instant matter were duplicative of those raised in the 2017 State Action and the 2019 Federal Action. **See** Mot. to Dismiss, 3/30/22, at ¶¶ 49-50. Dr. Stepansky contended that dismissal was warranted under Rule 233.1 because the "claims have been resolved by a court proceeding as [Kovalev] was repeatedly given opportunity to cure his defective [c]omplaints and file proper [c]ertificates of [m]erit, but [Kovalev] has repeatedly failed to do so." **Id.** at ¶¶ 54-55. On August 12, 2022, the trial court granted Dr. Stepansky's motion to dismiss Kovalev's complaint with prejudice. This appeal followed.

**Discussion**

Kovalev raises the following issues:

1. Whether the lower court erred and/or abused its discretion by granting [Dr. Stepansky's] not verified Motion to Dismiss (containing mostly untruthful and falsified information), in violation of the Pennsylvania Rule of Civil Procedure 1024?

2. Whether the lower court erred and/or abused its discretion by granting [Dr. Stepansky's] motion to dismiss, filed allegedly pursuant to Pa.R.C.P. 233.1, where such motion was containing almost exclusively not truthful, false, and fraudulent matters?

3. Whether the lower court erred and/or abused its discretion by granting [Dr. Stepansky's] motion to dismiss, filed allegedly pursuant to Pa.R.C.P. 233.1, but not a single claim was previously resolved pursuant to a written settlement agreement or a court proceeding?

4. Whether the lower court erred and/or abused its discretion by dismissing the entire current legal action **despite the fact that it had several totally new causes of action that were never litigated before and were not even present in any state court legal action**?

5. Whether the lower court's Judge Ann Butchart erred and/or abused her discretion by not disqualifying herself from acting in any capacity in this case (even after [Kovalev] requested that Judge Butchart should not be involved in any cases handled by [Kovalev]), due to the fact that Judge Ann Butchart had extrajudicial connections with the insurance industry involved in providing liability coverage and specifically liability coverage for some defendants in [Kovalev's] legal action?

6. Whether the lower court's Judge Ann Butchart erred and/or abused her discretion by violating [Kovalev's] constitutional rights when she denied his right to access the courts through the course of making unjustified and unexplained prejudicial decisions in all cases where Judge Butchart had personal connections with the insurance industry involved in providing coverage for medical malpractice liability?

Kovalev's Br. at 3-5 (emphasis in original).

Kovalev first argues that the lower court should have denied Dr. Stepansky's motion to dismiss because it was not verified, in violation of Pennsylvania Rule of Civil Procedure 1024. *Id.* at 24. According to Kovalev, the motion was "packed with deceptive and fraudulent statements." *Id.*

Pursuant to Pennsylvania Rule of Civil Procedure 1024(a), "[e]very pleading containing an averment of fact **not appearing of record** in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified." Pa.R.C.P. 1024(a) (emphasis added).

Here, Dr. Stepansky's motion to dismiss did not aver any new facts. Rather, the motion was based upon Kovalev's complaints and other filings that appeared in the various records. Moreover, although Kovalev alleges that the motion to dismiss was "packed with deceptive and fraudulent statements," he fails to identify what those alleged statements were. His first claim fails.

We next address Kovalev's second, third, and fourth issues together as they are related. The crux of Kovalev's argument is that the trial court erred in granting Dr. Stepansky's motion to dismiss because none of his previous claims were "resolved" pursuant to a court proceeding, as required by Rule 233.1. *See* Kovalev's Br. at 29. He argues that although his motion to amend his complaint in the 2017 State Action was denied, the 2017 State Action "was not dismissed and denial of the motion to amend is not equal to dismissing [the] entire legal action." *Id.* at 31 (emphasis omitted). Kovalev further

maintains that only his RICO claim in the 2019 Federal Action was resolved when the Third Circuit affirmed the dismissal of that claim with prejudice. He argues that his remaining state law claims were never decided in the 2019 Federal Action because the Third Circuit modified the District Court's decision to dismiss those claims without prejudice and did not decide those claims on the merits. *Id.* at 37-38.

Kovalev also argues that he added three new causes of action in the current action — breach of implied and express contract for health care, unjust enrichment, and UTPCPL — that were not present in the 2017 State Action. *Id.* at 38-40, 43, 45-46. He therefore argues that "the trial court's dismissal of the current legal action was fully inappropriate because such additional (new) causes of action are representing a totally new litigation with new causes of action[.]" *Id.* at 44 (emphasis omitted).

Kovalev further argues that none of his claims are for professional/dental malpractice, but rather are claims for illegal criminal activities, intentional tortious acts, frauds, and assault and battery. *Id.* at 52, 59-60. Therefore, he contends that he was not required to file a certificate of merit. *Id.* He also maintains that no final decision was issued in any of his legal actions "in relevance to any certificate of merit" and the court in 2019 Federal Action was "absolutely silent about any certificate of merit." *Id.* at 48-49.

On appeal of an order granting a motion to dismiss pursuant to Rule 233.1, "our standard of review is *de novo*, and our scope of review is plenary." ***Gray v. Buonopane***, 53 A.3d 829, 834 (Pa.Super. 2012) (citation omitted).

Pennsylvania Rule of Civil Procedure 233.1 (entitled "Frivolous Litigation. Pro Se Plaintiff. Motion to Dismiss") "limits the ability of *pro se* plaintiffs to prolong litigation through the filing of serial complaints after the claims they allege have been resolved." ***Id.*** The Rule provides, in relevant part:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
>> (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
>>
>> (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.C.P. 233.1.

Rule 233.1 is intended to address duplicative *pro se* litigation. The explanatory comment to Rule 233.1 states:

> It has come to the attention of the Supreme Court that certain litigants are abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings. New Rule 233.1 provides relief to a defendant who has been subjected to this type of repetitive litigation. While attorneys are subject to the rules of disciplinary procedure, no analogous rule exists to curb this type of abuse when done by a *pro se* party.

- 10 -

Pa.R.C.P. 233.1 cmt.

"[N]either the language of the Rule nor the explanatory comment mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be 'related' to those in the prior action and that those prior claims have been 'resolved.'" ***Gray***, 53 A.3d at 836 (emphasis omitted). "A complaint is related when it deals with the same subject matter as a previous complaint." ***Coulter v. Lindsay***, 159 A.3d 947, 953 (Pa.Super. 2017). "A claim is resolved when there has been a definite decision thereon." ***Id.*** at 954. Importantly, the Rule does not require the matter to have progressed to a final judgment on the merits. ***Gray***, 53 A.3d at 836. Rather, an action is "resolved" if the "*pro se* litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a court proceeding." ***Id.***

Here, the trial court concluded that Dr. Stepansky sufficiently established the requirements under Rule 233.1. ***See*** Trial Court Opinion, 12/6/22, at 8. The court found that the 2017 State Action and the 2019 Federal Action were "related" to the instant case since each action involved the dental treatment Kovalev received on November 20 and 25, 2015. ***Id.*** at 8-9. The court noted that in each action, Kovalev alleged claims of, *inter alia*, assault and battery, fraud, false imprisonment, and breach of fiduciary duties. ***Id.*** at 9. The court further pointed out that Kovalev refused to file a proper certificate of merit in each action. ***Id.***

- 11 -

Regarding the second prong of Rule 233.1, the trial court found that Kovalev's instant claims have already been resolved pursuant to a court proceeding. *Id.* The court found that the claims Kovalev asserts in the present case were already resolved in the 2017 State Action when this Court affirmed the trial court's denial of Kovalev's request to file an amended complaint and Kovalev's petition for allowance of appeal was subsequently denied by the Pennsylvania Supreme Court. *Id.* Therefore, the court dismissed the instant action as frivolous. *Id.*

The record supports the court's decision. All three cases are related since they stem from Kovalev's allegations of dental mistreatment on the same dates. Dr. Stepansky is the main defendant in each case and the causes of actions in each case are largely the same. We reject Kovalev's argument that he is entitled to relief because he set forth three new causes of action in the instant case or named slightly different defendants in each action. Relief pursuant to Rule 233.1 is not limited to identical parties or claims. *See Gray*, 53 A.3d at 836. Rather, the Rule requires only that the parties and claims be related to those in the prior action. *See id.*

Moreover, the instant claims were resolved in the 2017 State Action. In that case, this Court found that Kovalev's claims sounded in medical malpractice, and thus required a certificate of merit. We affirmed the trial court's order that denied Kovalev's request to file an amended complaint *with prejudice*. Thus, this Court has already determined that Kovalev's claims fail without a certificate of merit. In sum, Kovalev's serial and repetitive litigation

is precisely the kind that Rule 233.1 sought to address. Therefore, the trial court properly dismissed Kovalev's complaint with prejudice and barred him from filing further *pro se* litigation under Rule 233.1.

Kovalev's final two issues claim that the trial judge, Judge Ann Butchart, should have recused herself from the instant action because she "is involved in extrajudicial connections with the insurance industry providing coverage for medical malpractice liability" and her partner worked in the insurance industry "providing liability/malpractice insurance coverage for some defendants in [Kovalev's] cases." Kovalev's Br. at 19-20 (emphasis omitted).

"[R]ecusal issues that are not presented at the earliest possible moment but, instead, are raised for the first time post-trial, are time-barred and waived." *Lomas v. Kravitz*, 170 A.3d 380, 390 (Pa. 2017). "This is so because the jurist, under such circumstances, may properly assume that the lack of objection by the litigants reflects the appropriateness of his or her participation." *Id.* (citation omitted).

Here, Kovalev has waived this issue by failing to raise it in the lower court. Although he claims that he raised a recusal demand to Judge Butchart in the 2017 State Action, *see* Kovalev's Br. at 19, he points to nowhere in the current record where he raised recusal. Accordingly, this issue is waived. *See Lomas*, 170 A.3d at 390; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Order affirmed.

- 13 -

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/31/2023</u>