J-S18040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL NOEL YARD | : | No. 2644 EDA 2022 |

Appeal from the Order Entered October 18, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001222-2022

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED NOVEMBER 3, 2023**

The Commonwealth brings this appeal from the order entered in the Court of Common Pleas of Monroe County denying its motion for recusal of the trial judge in this criminal matter.  Upon careful review, we conclude that the Commonwealth has waived its claim for failure to raise it at the earliest possible moment as required under well-settled jurisprudence.  Accordingly, we affirm the determination of the trial court and remand for further proceedings.

The trial court has set forth the pertinent facts and procedural history, as follows:

> [The Commonwealth appeals] from the trial court order dated October 18, 2022, denying the Commonwealth's Motion for Recusal.  On April 8, 2022, the Commonwealth charged Michael Yard, Defendant with Criminal Homicide, Endangering the Welfare

_____

[*] Former Justice specially assigned to the Superior Court.

of a Child, and Aggravated Assault—Victim Less than 6 years of Age as a result of the death of Defendant's three-month-old son. The District Magistrate held a preliminary hearing on May 9, 2022. At the conclusion of the preliminary hearing, the MDJ bound over all charges and denied Defendant bail. Defendant filed a Motion to Set Bail on May 10, 2022.

On May 24, 2022, [the trial court, with the Honorable Jennifer Harlacher Sibum presiding,] held a hearing on Defendant's Motion. The parties submitted a stipulation of facts on the record [on which the trial court could] base [its] bail decision. No testimony was presented at the bail hearing. [The trial court] announced [its] decision on the record and issued an order on May 27, 2022, granting Defendant's motion and setting bail at $200,000 with several nonmonetary conditions. At the conclusion of the hearing, the Commonwealth made an oral motion to stay [the trial court's] May 27, 2022, order. [The trial court] declined to entertain the Commonwealth's oral motion and directed counsel to file a written motion. The Commonwealth did not file a written motion with the trial court as directed, but instead filed an Emergency Motion for Stay and Petition for Review with the Pennsylvania Superior Court. The Superior Court granted the Commonwealth's request for a stay and directed [the trial court] to submit a statement of [its] reasons for [its] May 27, 2022, order.

On May 31, 2022, the Commonwealth filed motions for transcripts seeking the transcripts of [the trial court's] May 24, 2022, bail hearing and May 27, 2022, proceeding where [the trial court] placed the reasons for [its] granting of bail on the record. The transcripts were filed of record on June 8, 2022. In the interim, on June 6, 2022, Monroe County Children and Youth filed a Motion to Quash Subpoena issued upon it by Defendant.

[The trial court] filed the statement of [its] reasons for granting bail with the Superior Court on June 23, 2022. In [the] statement, [the trial court] wrote that [it] committed an error of law when [it] based [its] May 27, 2022, decision upon the facts stipulated to by the Commonwealth and Defendant as the Pennsylvania Supreme Court's decision in **Commonwealth v. Talley**, 265 A.3d 485 (Pa. 2021), specifically prohibits courts, in cases where the Commonwealth is seeking the denial of bail, from deciding bail on a cold record. **Talley**, at 524. Accordingly, [the trial court] asked the Superior Court to vacate [the trial court's] May 27, 2022, order

and remand the matter for hearing so that [trial court] may make the qualitative and quantitative analysis required by **Talley**.

[The trial court] further wrote in [its] statement that in the event the Superior Court did not vacate [its] May 27th bail order for the reasons stated above, that [it] did not find, based upon the stipulated facts, that the Commonwealth had established by either evident proof or great presumption the premeditated, specific intent necessary for first degree murder, particularly where the death in this case is unexplained and the mechanism of injury is unknown. Specifically, [the trial court] found that the stipulated facts may establish a *prima facie* case for first degree when all of the facts and inferences are considered in the light most favorable to the Commonwealth, but [the trial court] did not find that the evidence met the evident proof/great presumption standard required by **Talley** in order to deny Defendant bail. [The trial court] acknowledged in [its] statement, however, that [its] estimation of the Commonwealth's evidence may change after viewing and listening to witness testimony at hearing and making the required qualitative and quantitative assessment of that evidence prior to denying a defendant bail.

[On July 11, 2022, the trial court filed a Pa.R.A.P. 1925(a) opinion in another matter suggesting the Commonwealth had filed pretrial appeals without a good faith basis as required under Pennsylvania Rule of Appellate Procedure 311. Specifically, in the trial court's concise statement, Judge Sibum stated, "Further, the Commonwealth's use of Pa.R.A.P. § 311(D) to obtain de facto continuance or delays is not new to the Monroe County bench."]

On July 12, 2022, the Superior Court issued an order vacating [the trial court's] May 27 bail order, lifting its temporary stay, and remanding the case for further proceedings.

On July 29, 2022, [following remand and prior to any other motion having been filed or hearing being held,] the Commonwealth filed a Motion for Recusal. [The trial court] took the matter under advisement.

On August 3, 2022, [the trial court] arraigned Defendant, held a hearing on CYS's Motion to Quash, and scheduled a pretrial conference for September 14, 2022. On August 15, 2022, [the trial court] issued an order scheduling a hearing on Defendant's bail motion for October 25, 2022. On August 5 and September 6,

2022, [the trial court] issued orders disposing of CYS's Motion to Quash. [The trial court] held a pretrial conference on September 14th. The Commonwealth did not object to [the trial court's] presiding over formal arraignment or the pretrial conference. Nor did the Commonwealth object to [the trial court's] adjudication of Monroe County Children and Youth's Motion to Quash.

On October 3, 2022, the Commonwealth filed a motion for hearing seeking a decision on its Motion for Recusal. On October 17, 2022, the Commonwealth filed a motion for continuance of the October 25, 2022, bail hearing as the Commonwealth wanted [the trial] court to decide its Recusal Motion prior to the bail hearing. [The trial court] denied the Commonwealth's Recusal Motion and dismissed its motion for continuance of the October 25, 2022, bail hearing as moot by order dated October 18, 2022. The next day, October 19, 2022, Commonwealth filed a Notice of Appeal from [the trial court's] October 18th order and sought a stay of proceedings from the Superior Court. The Superior Court denied the Commonwealth's request for stay.

On October 25, [the trial court] held the bail hearing as scheduled. At the hearing, the Commonwealth attempted, over objection of Defendant, to submit Defendant's bail motion on a cold record. Specifically, the Commonwealth sought to introduce the transcript and audio recording of the preliminary hearing, the affidavit of probable cause, and the autopsy report as the sole evidence for the [trial] court's consideration with respect to Defendant's bail motion. [The trial court] allowed the exhibits to be entered of record for appeal purposes but took under advisement the propriety of the [trial] court deciding Defendant's bail motion on a cold record and directed the parties to file brief. The matter remains under advisement.

On October 26, 2022, [the trial court] directed the Commonwealth to file its Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. The Commonwealth complied with [the trial court's] order and filed its concise statement on November 14, 2022, raising [a challenge to the trial court's order denying its motion for recusal].

Trial Court Opinion, 12/13/22, at 1-4.

- 4 -

In its sole issue on appeal, the Commonwealth contends that a record of the trial court's "clear bias, prejudice and unfairness in favor of the Defendant" supported the Commonwealth's motion for recusal and, thus, demonstrates the abuse of discretion attendant to the court's denial of the motion.

Before we may address the merits of the Commonwealth's issue, we must consider whether the Commonwealth's recusal issue is time-barred and waived for failure to present it at the time it learned of the facts that formed the basis for its motion to recuse. Here, the Commonwealth learned of the trial court's July 11, 2022, Pa.R.A.P. 1925(a) opinion in another matter questioning the good faith of the Monroe County District Attorney's Office's practice of filing pre-trial motions. Yet, it waited 18 days before it filed its motion seeking the recusal of the Honorable Jennifer Harlacher Sibum. Similar delays have been met with waiver.

This Court presumes the impartiality of lower court judges and reviews the denial of a recusal motion under an abuse of discretion standard:

> This Court presumes judges of this Commonwealth are "honorable, fair and competent" and when confronted with a recusal demand have the ability to determine whether they can rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.

*Commonwealth v. Luketic*, 162 A.3d 1149, 1157 (Pa. Super. 2017) (citations omitted).

"The case law in this Commonwealth is clear and of long standing; it requires a party seeking recusal or disqualification to raise the objection *at the earliest possible moment*, or that party will suffer the consequence of being time barred." *Lomas v. Kravitz*, 170 A.3d 380, 389 (Pa. 2017) (quoting *Goodheart v. Casey*, 565 A.2d 757, 763 (Pa. 1989)) (emphasis added). The "earliest possible moment" for bringing a recusal claim is "when the party knows of the facts that form the basis for a motion to recuse." *Lomas*, 170 A.3d at 390.

For example, in *Coulter v. Lindsay*, 159 A.3d 947, 950 (Pa. Super. 2017), this Court held in a *per curiam* opinion that where a party argued all three members of a Superior Court panel should recuse themselves, the Appellant waived the recusal claim by not raising it instantly at oral argument and instead waiting nine days after the case was argued to do so. Similarly, in *Commonwealth v. Schorshinsky*, 285 A.3d 918 (Pa. Super. filed September 8, 2022) (non-precedential decision constituting persuasive authority pursuant to Pa.R.A.P. 126(b)), *appeal denied*, 292 A.3d 849 (Pa. 2023), a panel of this Court considered the "earliest possible moment" standard in light of *Coulter* to find waiver where counsel, for no apparent reason, waited 37 days after the trial judge made complained-of statements in open court leading up to the rejection of his negotiated plea agreement. Notably, that the delay in filing the recusal motion caused no delay in court

- 6 -

proceedings did not provide an exception to the "earliest possible moment" deadline applicable to making a recusal claim. ***Id***. ***See also Commonwealth v. Blount***, 207 A.3d 925 (Pa. Super. 2019) (holding defendant failed to preserve recusal claim based on trial judge's refusal to accept parties' negotiated sentence where defendant failed to object or seek recusal at moment judge indicated it would first need to hear all testimony, evidence, and arguments before reaching sentence).

The asserted basis for the Commonwealth's motion to recuse in the case *sub judice* is Judge Sibum's statement, incorporated in a Rule 1925(a) opinion filed with this Court, questioning the Monroe County District Attorney's practice of filing interlocutory appeals. Like the moving parties' fatal delays in ***Lomas***, ***Coulter***, and ***Schorschinsky***, the Commonwealth elected, for no apparent reason, to wait 18 days after learning the facts that formed the basis for its recusal motion before it filed the motion. Such an unexplained delay fails to satisfy the due diligence implicit in the "earliest possible moment" standard. Accordingly, we conclude that the Commonwealth has waived its claim.

Order affirmed.

President Judge Panella joins the memorandum.

Judge Dubow concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  11/03/2023