J-A01019-17

2017 PA Super 92

| JEAN COULTER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ALEXANDER H. LINDSAY, JR., LINDSAY LAW FIRM, JOSEPH VICTOR CHARLTON AND PATRICIA LINDSAY, | |
| Appellees | No. 627 WDA 2016 |

Appeal from the Order Entered April 1, 2016
In the Court of Common Pleas of Butler County
Civil Division at No(s): Case No. 15-10340

BEFORE:  FORD ELLIOTT, P.J.E., OLSON and STRASSBURGER,* JJ.

OPINION PER CURIAM:                                            **FILED APRIL 7, 2017**

Serial Appellant, Jean Coulter, appeals *pro se* from the order entered on April 1, 2016.  In this case, we hold that Pennsylvania Rule of Civil Procedure 233.1 is not void for vagueness under the federal and state constitutions and that our Supreme Court had the authority under the Pennsylvania Constitution to promulgate Rule 233.1.  We also hold that Appellant's repeated, frivolous appeals to this Court warrant the awarding of attorney's fees and issuance of a filing injunction.  Accordingly, we affirm the trial court's order and remand for further proceedings consistent with this Opinion and the accompanying order.

The relevant factual background and procedural history of this case are as follows.  On May 11, 2007, Appellant pled *nolo contendere* to

* Retired Senior Judge assigned to the Superior Court

aggravated assault[1] for the brutal abuse of her minor daughter.  **See Commonwealth v. Coulter**, CP-10-CR-0000727-2006 (C.C.P. Butler).  As a result of the heinous abuse of her daughter, the Court of Common Pleas of Butler County terminated Appellant's parental rights as to her daughter.  **See In the Interest of A.C.**, CP-10-DP-0000051-2006 (C.C.P. Butler).  Alexander H. Lindsay, Jr., Lindsay Law Firm, Joseph Victor Charlton, and Patricia Lindsay (collectively "Appellees") represented Appellant during both the criminal and termination proceedings.

Over the ensuring decade, Appellant filed dozens of actions in both the state and federal courts of this Commonwealth.  For example, on March 2, 2015, Appellant filed a complaint against Appellees in the United States District Court for the Western District of Pennsylvania.  In that complaint, Appellant "allege[d] that [Appellees] conspired with one another to deny her [] due process in those court proceedings."  **Coulter v. Lindsay**, 2015 WL 11117718, *1 (W.D. Pa. Mar. 6, 2015) (hereinafter "**Lindsay**").  That complaint was dismissed **with** prejudice.  **See id.**

On May 4, 2015, Appellant instituted the instant action in the Court of Common Pleas of Butler County.  In her complaint, Appellant conceded that she was raising the same exact claims that she raised in **Lindsay**.  On December 22, 2015, Appellant filed a motion seeking the trial court's recusal.  Appellant's recusal motion was denied that same day.  On February

---

[1] 18 Pa.C.S.A. § 2702(a)(4).

8, 2016, Appellant filed her fifth amended complaint. On March 11, 2016, Appellees filed preliminary objections. In their preliminary objections, Appellees argued that Appellant's claims were barred by *res judicata*. Moreover, Appellees argued that, to the extent Appellant's claims were not barred by *res judicata*, the trial court should dismiss the complaint under Pennsylvania Rule of Civil Procedure 233.1 (frivolous actions filed by *pro se* plaintiffs). Finally, Appellees argued that Appellant failed to state a claim upon which relief may be granted. On March 28, 2016, Appellant filed preliminary objections to Appellees' preliminary objections.

The trial court heard argument on Appellant's and Appellees' preliminary objections on April 1, 2016. That same day, the trial court overruled Appellant's preliminary objections, sustained Appellees' preliminary objections, and dismissed Appellant's complaint. This timely appeal followed.[2] The appeal of this case was argued before this Court on January 10, 2017. On January 19, 2017, Appellant filed a motion seeking the recusal of all three members of this panel.

Appellant presents five issues for our review:

1. [Did the trial court err by denying Appellant's recusal motion?

---

[2] On May 5, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On May 24, 2016, Appellant filed her concise statement. On June 13, 2016, the trial court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Appellant's concise statement.

2. Did the trial court err by concluding that Appellant's claims were barred by *res judicata* and by dismissing her complaint pursuant to Rule 233.1?

3. Does Rule 233.1 violate the United States and Pennsylvania constitutions?

4. Did the trial court err in concluding that Appellant's claims were barred by the statute of limitations?

5. Did the trial court err in concluding that Appellant failed to state a claim upon which relief could be granted?]

Appellant's Brief at 4-5.[3]

Preliminarily, we must consider Appellant's recusal motion. Appellant argues that all three members of this panel should recuse from this case because the panel was not randomly assigned. She also argues that all three members of this panel are biased against her. This argument is waived. "A party seeking recusal or disqualification is required to raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred." ***In re Lokuta***, 11 A.3d 427, 437 (Pa. 2011) (internal alterations and citation omitted). In this case, the earliest opportunity to raise the recusal issue was at oral argument. Appellant, however, did not move for recusal until nine days after this case was argued. Accordingly, Appellant waived any argument related to the recusal of the three members of this panel.

---

[3] We have re-numbered the issues for ease of disposition.

Moreover, even if Appellant preserved her recusal claim, it is frivolous. This case was assigned to this panel pursuant to 210 Pa.Code § 65.5(C)(1)(a). Specifically, a member of this Court originally assigned to hear this case became unavailable to participate in the disposition of this case and the President Judge appointed a replacement.[4] Accordingly, all relevant internal operating procedures regarding panel composition were followed with respect to this case.

As to Appellant's claims of bias, when

> considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary.

*Commonwealth v. Brown*, 141 A.3d 491, 498 (Pa. Super. 2016) (citation omitted).

All three members of this panel individually determined that they are capable of assessing the case in an impartial manner, free of personal bias. Moreover, all three members of this panel individually determined that their involvement in this case does not create the appearance of impropriety and

---

[4] Appellant's argument that the member of this Court who recused herself from this case abused her discretion in so recusing is without merit. *Cf. Commonwealth v. King*, 839 A.2d 237, 239–240 (Pa. 2003) (When a judge recuses herself, that decision is reviewed for an abuse of discretion.). Appellant has failed to indicate how recusal of this judge was an abuse of discretion.

will not undermine public confidence in the judiciary. Although all three judges of this panel are familiar with Appellant, that fact does not necessitate recusal. *Cf. Commonwealth v. Abu–Jamal*, 720 A.2d 79, 90 (Pa. 1998) (Familiarity with the defendant and prior adverse rulings do not require recusal). Moreover, as discussed *infra*, there are few (if any) members of this Court who are unfamiliar with Appellant and her repeated, vexatious, and frivolous litigation. Accordingly, we deny Appellant's recusal motion directed at the members of this panel.

Turning to the merits of the issues raised by Appellant, she first argues that the trial court erred in denying her recusal motion. We review "the trial court's denial of the recusal motion for abuse of discretion." *Becker v. M.S. Reilly, Inc.*, 123 A.3d 776, 778 (Pa. Super. 2015) (citation omitted). The trial court was required to apply the same standard that the members of this panel applied when ruling on Appellant's recusal motion. *See Brown*, 141 A.3d at 498 (citation omitted).

Appellant's claims of bias, and the appearance of bias, are frivolous. Appellant argues that the trial court took all necessary actions in order to get its desired result. The record belies this assertion. The trial court acted with great restraint in permitting Appellant to continually amend her frivolous complaint and held a hearing on the parties' respective preliminary objections. Instead of imposing harsh sanctions for her violations of the rules of civil procedure, the trial court instead simply overruled Appellant's

preliminary objections and sustained Appellees' preliminary objections. We ascertain no abuse of discretion in the trial court's denial of Appellant's recusal motion.

In her second issue, Appellant argues that the trial court erred in dismissing her complaint pursuant to Pennsylvania Rule of Civil Procedure 233.1, which provides, in relevant part:

> Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
>
> (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.C.P. 233.1(a). "To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. To the extent that this question involves an exercise of the trial court's discretion in granting a motion to dismiss, our standard of review is abuse of discretion." **Coulter v. Ramsden**, 94 A.3d 1080, 1086 (Pa. Super. 2014), *appeal denied*, 110 A.3d 998 (Pa. 2014) (hereinafter "**Ramsden III**").

As this Court has explained, Rule 233.1 does not

> mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be "related" to those in the prior action and that those prior claims have been "resolved." These two terms are noteworthy in their omission of the technical precision otherwise associated with claim and issue preclusion; whereas parties and/or claims are to

- 7 -

be "identical" under the purview of those doctrines, Rule 233.1 requires only that they be sufficiently related to inform the trial court, in the exercise of its discretion, whether the plaintiff's claim has in fact been considered and "resolved." The drafting committee's recourse to the word "resolved" in this context is equally significant. In [Rule 233.1's] requirement that the matter have been "resolved pursuant to a written settlement agreement or a court proceeding," the language assures that the *pro se* litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a court proceeding. It does not require, however, that the matter has progressed to a "final judgment on the merits[.]"

***Gray v. Buonopane***, 53 A.3d 829, 836 (Pa. Super. 2012), *appeal denied*, 64 A.3d 632 (Pa. 2013) (citations omitted).

Appellant contends that her claims are not "related" to her prior lawsuits; however, she conceded in her complaint that her claims are identical to those raised in ***Lindsay***. ***See*** Appellant's Fifth Amended Complaint, 2/8/16, at 1. As such, the claims are the "same," as required by Rule 233.1(a)(1). Moreover, Appellant's claims were "resolved" in ***Lindsay***. ***See Lindsay***, 2015 WL 11117718 at *1. Specifically, the United States District Court for the Western District of Pennsylvania dismissed the claims **with** prejudice. ***See id.*** The dismissal of the claims in ***Lindsay*** satisfied the requirements of Rule 233.1(a)(2) as the dismissal resolved Appellant's claims against Appellees. Accordingly, the trial court properly dismissed Appellant's complaint under Rule 233.1.[5]

---

[5] As the trial court properly dismissed Appellant's complaint under Rule 233.1, we decline to address Appellant's arguments related to *res judicata*,
*(Footnote Continued Next Page)*

In her third issue, Appellant argues that our Supreme Court lacked the authority under Pennsylvania's Constitution to promulgate Rule 233.1. She also argues that Rule 233.1 is unconstitutionally vague. We review the constitutionality of a rule of civil procedure *de novo* and our scope of review is plenary. ***See Laudenberger v. Port Auth. of Allegheny Cty.***, 436 A.2d 147, 150–157 (Pa. 1981) (reviewing *de novo* determination that rule of civil procedure was unconstitutional).

The Pennsylvania Constitution provides that our "Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts . . . if such rules are consistent with this Constitution and neither abridge, enlarge[,] nor modify the substantive rights of any litigant." Pa. Const. art IV, § 10(c). Our Supreme Court has held that when determining if a rule is substantive or procedural in nature, "we must [] seek to determine the purpose of the rule in order to properly characterize its nature." ***Laudenberger***, 436 A.2d at 150.

In this case, the explanatory comment to Rule 233.1 indicates that the purpose behind Rule 233.1 is to ease congestion in the courts by eliminating frivolous *pro se* litigation. As our Supreme Court noted in ***Laudenberger***, that purpose makes the rule procedural and not substantive. ***See id.*** at 151. Moreover, even assuming *arguendo* that Rule 233.1 impacts

*(Footnote Continued)* ———————————

the statute of limitations, and Appellees' demurrer for failure to state a claim.

Appellant's substantive rights, our Supreme Court is not "prevented from exercising its duty to resolve procedural questions merely because of a collateral effect on a substantive right." *Id.* at 155. Any effect upon Appellant's substantive rights is collateral as Rule 233.1 preserves Appellant's right to at least one prior substantive presentation of her claims. Accordingly, our Supreme Court had the authority to promulgate Rule 233.1.

Next, Appellant argues that Rule 233.1 is void for vagueness under both the United States and Pennsylvania constitutions. A vague rule offends the United States and Pennsylvania constitutions' due process clauses[6] if it "result[s] in arbitrary and discriminatory enforcement in the absence of explicit guidelines for [its] application[.]" *In re William L.*, 383 A.2d 1228, 1232 (Pa. 1978).

Rule 233.1 is not vague so as to result in arbitrary and discriminatory enforcement. To the contrary, Rule 233.1 provides very specific guidelines for when a trial court may dismiss a *pro se* complaint. First, the complaint

---

[6] As this Court recently explained:

> Appellant specifically refers neither to the Due Process Clause of the Fourteenth Amendment of the United States Constitution nor to Article I, Section 9 of the Pennsylvania Constitution, but instead expresses a generic due process claim. The lack of specificity is of no moment to our review, however, as our courts have generally treated the Due Process Clause of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution as coextensive.

*Commonwealth v. Romeo*, 2017 WL 24702, *3 n.4 (Pa. Super. Jan. 3, 2017) (citation omitted).

must be related to, or the same, as a previously filed complaint by the plaintiff. Appellant's argument that determining whether a complaint is "related" is arbitrary is frivolous. A complaint is related when it deals with the same subject matter as a previous complaint.[7] Similarly, Rule 233.1's requirement that the previous litigation be "resolved" is not vague. A claim is resolved when there has been a definite decision thereon. **See** *Black's Law Dictionary*, 1505 (10th ed. 2014). Accordingly, we conclude that Rule 233.1 is not void for vagueness.

"Having disposed of h[er] issues in this appeal, we cannot ignore [Appellant's] repeated abuse of our judicial system. Under the Rules of Appellate Procedure, we *sua sponte* may impose upon [Appellant attorney's] fees." **Morgan v. Morgan**, 117 A.3d 757, 762 (Pa. Super. 2015) (citation omitted). Pennsylvania Rule of Appellate Procedure 2744 provides that:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including [] a reasonable counsel fee . . . if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate[,] or vexatious.

---

[7] At least two courts have rejected arguments similar to Appellant's. Specifically, the United States District Court for the Middle District of Florida held that whether an activity is "related" to religious worship is not an arbitrary determination. **Konikov v. Orange Cty., Fla.**, 302 F.Supp.2d 1328, 1355–1356 (M.D. Fla. 2004), *rev'd in part on other grounds*, 410 F.3d 1317 (11th Cir. 2005). The United States District Court for the Southern District of Ohio held that whether an action is "related" to employment is not an arbitrary determination. **Dayton Christian Sch. v. Ohio Civil Rights Comm'n**, 578 F.Supp. 1004, 1027 (S.D. Ohio 1984), *rev'd on other grounds*, 477 U.S. 619 (1986).

Pa.R.A.P. 2744.

Appellant's conduct is the definition of vexatious. Although it is impractical to calculate the exact number of cases Appellant has initiated over the past decade in the various courts of common pleas, Appellant has filed at least 78 appeals over the past decade related to her criminal case and/or the termination of her parental rights. *See* 2078 WDA 2007; 2181 WDA 2007; 1953 WDA 2009; 1981 WDA 2009; 2086 WDA 2009; 2116 WDA 2009; 2140 WDA 2009; 185 WDA 2010; 265 WDA 2010; 428 WDA 2010; 574 WDA 2010; 586 WDA 2010; 807 WDA 2010; 808 WDA 2010; 853 WDA 2010; 1181 WDA 2010; 1373 WDA 2010; 1860 WDA 2010; 266 WDA 2011; 267 WDA 2011; 268 WDA 2011; 269 WDA 2011; 270 WDA 2011; 271 WDA 2011; 294 WDA 2011; 295 WDA 2011; 296 WDA 2011; 297 WDA 2011; 298 WDA 2011; 299 WDA 2011; 300 WDA 2011; 301 WDA 2011; 302 WDA 2011; 303 WDA 2011;  304 WDA 2011; 305 WDA 2011; 306 WDA 2011; 307 WDA 2011; 308 WDA 2011; 309 WDA 2011; 310 WDA 2011; 311 WDA 2011; 312 WDA 2011; 313 WDA 2011; 314 WDA 2011; 315 WDA 2011; 316 WDA 2011; 317 WDA 2011; 318 WDA 2011; 319 WDA 2011; 447 WDA 2011; 555 WDA 2011; 662 WDA 2011; 676 WDA 2011; 1070 WDA 2011; 1437 WDA 2011; 30 WDM 2011; 1013 WDA 2012; 1199 MDA 2013; 582 WDA 2013; 583 WDA 2013; 584 WDA 2013; 585 WDA 2013; 586 WDA 2013; 678 WDA 2013; 679 WDA 2013; 1046 WDA 2013; 1213 WDA 2013;

1277 WDA 2014; 1278 WDA 2014; 1279 WDA 2014; 1890 WDA 2014; 2080 WDA 2014; 895 MDA 2015; 779 MDA 2016; and this appeal.

This Court has not granted Appellant relief on a single one of those 78 appeals and our Supreme Court has denied allocatur in every case in which Appellant petitioned for review of this Court's decision. *See Coulter v. Mahood*, 2016 WL 3364893 (Pa. Super. June 16, 2016) (unpublished memorandum), *appeal denied*, 2017 WL 213194 (Pa. Jan. 18, 2017); *Coulter v. Levenson*, 122 A.3d 1140, 2015 WL 6957054 (Pa. Super. 2015) (unpublished memorandum); *Coulter v. Doerr*, 105 A.3d 40, 2014 WL 10917585 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 110 A.3d 998 (Pa. 2014); *Coulter v. Mahood*, 105 A.3d 39, 2014 WL 10917636 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 110 A.3d 998 (Pa. 2014); *Coulter v. Ramsden*, 105 A.3d 39, 2014 WL 10916977 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 110 A.3d 998 (Pa. 2014); *Coulter v. Allegheny Cty. Bar Ass'n*, 105 A.3d 39, 2014 WL 10919339 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 110 A.3d 998 (Pa. 2014); *Coulter v. Lope*, 105 A.3d 39, 2014 WL 10917622 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 110 A.3d 998 (Pa. 2014); *Coulter v. Gale*, 105 A.3d 39, 2014 WL 10916978 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 110 A.3d 998 (Pa. 2014); *Coulter v. Butler Cty. Children & Youth Servs.*, 100 A.3d 295, 2014 WL 10965724 (Pa. Super. 2014) (*per curiam*)

(unpublished judgment order), *appeal denied*, 99 A.3d 926 (Pa. 2014); ***Ramsden III***, 94 A.3d at 1080; ***In re A.C.***, 64 A.3d 28 (Pa. Super. 2012) (unpublished memorandum); ***In re A.C.***, 48 A.3d 469 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 49 A.3d 441 (Pa. 2012); ***CYS, Butler Co. v. J.C.***, 47 A.3d 1256 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 49 A.3d 441 (Pa. 2012); ***In re A.C.***, 47 A.3d 1242 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 49 A.3d 441 (Pa. 2012); ***Wilder & Mahood, PC v. Coulter***, 46 A.3d 824 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 50 A.3d 126 (Pa. 2012); ***In re A.C.***, 38 A.3d 928 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 42 A.3d 1058 (Pa. 2012); ***Commonwealth v. Coulter***, 24 A.3d 467 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 30 A.3d 486 (Pa. 2011); ***In re Adoption of A.C.***, 23 A.3d 577 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 20 A.3d 482 (Pa. 2011).

Moreover, Appellant has filed at least 11 cases in the United States District Court for the Western District of Pennsylvania stemming from her criminal case and/or the termination of her parental rights. ***Coulter v. Forrest***, 10cv965; ***Coulter v. Doerr***, 11cv1201; ***Coulter v. Studeny***, 12cv60; ***Coulter v. Butler Cty. Children & Youth Servs***., 12cv338; ***Coulter v. Allegheny Cty. Bar Ass'n***, 12cv641; ***Coulter v. Ramsden***, 12cv978; ***Coulter v. Ramsden***, 12cv1050; ***Coulter v. Mahood***, 12cv1241;

***Coulter v. Gale***, 12cv1461; ***Coulter v. Lindsay***, 15cv289; ***Coulter v. Bissoon***, 16cv1881. Appellant has similarly filed at least two actions in the United States District Court for the Middle District of Pennsylvania. ***Coulter v. Forrest***, 12cv2050; ***Coulter v. Unknown Probation Officer***, 12cv2067. As in the state court proceedings, Appellant has not prevailed in a single federal case. As a result of this vexatious litigation, the United States District Court for the Western District of Pennsylvania issued a filing injunction barring Appellant from filing further civil actions related to her criminal case and/or the termination of her parental rights. ***Coulter v. Ramsden***, 2012 WL 6592597, *3 (W.D. Pa. Dec. 18, 2012), *aff'd*, 13-1077 (3d Cir. Aug. 1, 2013) (hereinafter "***Ramsden II***").

This, therefore, is at least the 91st time that Appellant has litigated a frivolous case in this Court or the federal courts in this Commonwealth. "[I]t is clear [A]ppellant's insistence on repeatedly raising previously litigated issues goes beyond the conduct tolerated by our judicial system. This case is a clear example of a litigant who has abused the process of the courts of this Commonwealth. Accordingly, we [impose] costs, fees[,] and damages." ***Winpenny v. Winpenny***, 775 A.2d 815, 818 (Pa. Super. 2001).

Finally, we consider whether a filing injunction is appropriate in this case. ***See Bolick v. Commonwealth***, 69 A.3d 1267, 1269 (Pa. Super. 2013), *appeal denied*, 84 A.3d 1061 (Pa. 2014) (issuing a filing injunction); ***Lal v. Borough of Kennett Square***, 786 A.2d 1019, 1022 (Pa. Cmwlth.

2001), *appeal denied*, 805 A.2d 527 (Pa. 2002) (same); **Winpenny**, 775 A.2d at 818 (same); *see also Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) ("[A] pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court.").

As noted above, the United States District Court for the Western District of Pennsylvania has issued a filing injunction against Appellant. **See Ramsden II**, 2012 WL 6592597 at *3. The Court of Common Pleas of Allegheny County has similarly issued a filing injunction against Appellant. **See Coulter v. Ignelzi**, GD-15-002176 (C.C.P. Allegheny Dec. 15, 2015).

Both state and federal trial courts have issued filing injunctions against Appellant because of her continued vexatious litigation. Nonetheless, she continues to file frivolous lawsuits and appeal to this Court after trial courts properly dismiss her claims. We conclude that it is necessary to take the extraordinary measure of issuing a filing injunction at the appellate level. The vast amount of judicial resources that this Court expends affirming dismissals of Appellant's frivolous lawsuits is beyond that required by both the United States and Pennsylvania constitutions' due process clauses. **Cf. In re McDonald**, 489 U.S. 180, 184 (1989) (*per curiam*) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that

promotes the interests of justice."). Accordingly, we bar Appellant from taking any further *pro se* appeals in non-criminal matters to this Court without prior leave of this Court.

In sum, we conclude that the trial court did not abuse its discretion in denying Appellant's recusal motion. We hold that Pennsylvania Rule of Civil Procedure 233.1 is not void for vagueness under the federal and state constitutions. We also hold that our Supreme Court had the authority under the Pennsylvania Constitution to promulgate Rule 233.1. We conclude that the trial court properly dismissed Appellant's complaint under Rule 233.1. Finally, we hold that Appellant's continued vexatious conduct before this Court warrants the awarding of attorney's fees and issuance of a filing injunction.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017