J-S12043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LABORATORY CORPORATION OF | : | No. 1977 EDA 2024 |
| AMERICA, LABORATORY | : | |
| CORPORATION OF AMERICA | : | |
| HOLDINGS, LABCORP EMPLOYEE I, | : | |
| LABCORP EMPLOYEE II, JANICE | : | |
| GILCHRIST, LA'SHEA TRENT, AND | : | |
| MONICA YOUNG | : | |

Appeal from the Order Entered July 24, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No. 231103036

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                     **FILED APRIL 15, 2025**

Sergei Kovalev ("Appellant") appeals *pro se* from the order granting the motion to dismiss filed by Laboratory Corporation of America, Laboratory Corporation of America Holdings, LabCorp Employee I, LabCorp Employee II, Janice Gilchrist, La'Shea Trent, and Monica Young (collectively, "LabCorp"). We affirm.

Appellant is a frequent *pro se* litigant.[1]  This appeal involves Appellant's claims that he sustained physical and emotional harm when he sought to have his blood tested at LabCorp's patient service center.

_____

[1] In LabCorp's words, Appellant has "loitered in Pennsylvania's state and federal courts for years."  LabCorp's Brief at 15.

The trial court summarized Appellant's prior and current actions against LabCorp as follows:

1. The First Lawsuit

On December 28, 2021, [Appellant] filed a complaint in the United States District Court for the Eastern District of Pennsylvania ("Federal Court") against Laboratory Corporation of America and Laboratory Corporation of America Holdings for their alleged liability for damages resulting from a November 30, 2021 incident.  On January 14, 2022, [Appellant] voluntarily dismissed the complaint without prejudice.  *See* Federal Court Case No. 2:21-cv-05682-GKEP; Complaint; and Order, Filed 1/12/2022.

2. The Second Lawsuit

On January 12, 2022, [Appellant] filed a complaint in the Philadelphia County Court of Common Pleas against Laboratory Corporation of America and Laboratory Corporation of America Holdings concerning the same allegations….  On February 11, 2022, the trial court removed the case from the Philadelphia County Court of Common Pleas to Federal Court.

On March 11, 2022, [Appellant] filed an amended complaint in Federal Court against, among others, Laboratory Corporation of America, Laboratory Corporation of America Holdings, and Jane Does I-III (identified as Janice Gilchrist, La'Shea Trent, and Monica Young).  These defendants filed motions to dismiss, which, on February 22, 2023, the Federal Court granted as to all of them except for, in part, Laboratory Corporation of America Holdings. On October 27, 2023, Laboratory Corporation of America Holdings filed a motion for summary judgment, which the Federal Court granted on June 13, 2024.  *See* State Court Case No. 230302932; Federal Court Case No. 22-cv-00552-GEKP; Amended Complaint; Order, Filed 2/22/2023; Order, Filed 6/13/2024.

3. The Third Lawsuit

On March 24, 2023, [Appellant] filed a complaint in the Philadelphia County Court of Common Pleas against Janice Gilchrist, La'Shea Trent, and Monica Young concerning the same allegations against them for their alleged liability for damages resulting from the same … incident.  On January 2, 2024, Defendants Janice Gilchrist, La'Shea Trent, and Monica Young filed

a motion to dismiss pursuant to Pennsylvania Rule of Civil Procedure 233.1, which the trial court granted on April 26, 2024, dismissing the matter with prejudice. **See** State Court Case No. 230302932; Complaint; Order, Filed 4/26/2024.

4. The Present Lawsuit

On November 29, 2023, [Appellant] filed a [c]omplaint in the Philadelphia County Court of Common Pleas against [LabCorp] concerning the same allegations … resulting from the same … incident. On January 17, 2024, [LabCorp] filed the [m]otion, which the trial court granted on July 18, 2024. In the order, the trial court dismissed the matter and ordered that "[Appellant] is barred from pursuing additional litigation raising the same or related claims against [LabCorp], or any related parties, including … any and all other 'LabCorp' entities, without leave of the court." Order, Filed 7/[24]/2024.

Trial Court Opinion ("TCO"), 8/12/24, at 1-3.

The trial court dismissed the underlying action "in its entirety and as to all named defendants, with prejudice," pursuant to Pa.R.Civ.P. 233.1. Order, 7/24/24.[2] The court also barred Appellant "from pursuing additional litigation raising the same or related claims against [LabCorp] without leave of court," and cautioned "that the filing of any such lawsuit or any further filings by [Appellant], without leave of [c]ourt, may result in the imposition of sanctions, including reasonable expenses, including attorneys' fees, incurred by any named defendant, caused by his failure to comply." **Id.**

Rule 233.1 provides for dismissal of frivolous actions by *pro se* litigants. The Rule states:

_____

[2] The order is dated July 18, 2024, but was docketed on July 24, 2024.

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.Civ.P. 233.1(a)(1-2). In addition, "the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court." Pa.R.Civ.P. 233.1(c).

Appellant filed a notice of appeal on July 27, 2024. Although the trial court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement, it filed an opinion. Appellant presents six questions for review:

1. Whether the [trial] court erred and/or abused its discretion by granting [LabCorp's] motion to dismiss, filed allegedly pursuant to Pa.R.C[iv].P. 233.1; … when causes of action were never resolved pursuant to a written settlement agreement or a court proceeding?

2. Whether the lower court erred and/or abused its discretion by granting [LabCorp's] motion to dismiss, filed allegedly pursuant to Pa.R.C[iv].P. 233.1; … when [Appellant] already obtained default judgments against two [d]efendants in the case?

3. Whether the lower court erred and/or abused its discretion by granting [LabCorp's] motion to dismiss, filed allegedly pursuant to Pa.R.C[iv].P. 233.1; … when [Appellant's c]omplaint was also representing a legal action for [i]njunctive [r]elief that was never resolved?

4. Whether the lower court erred and/or abused its discretion by misinterpreting the meaning of being "resolved pursuant to a court proceeding"?

5. Whether [LabCorp's] [m]otion to [d]ismiss should be stricken for inclusion of false, scandalous, and impertinent matter?

6. Whether [LabCorp's] not verified [m]otion to [d]ismiss should be stricken for failure to attach correct verifications and violation of the Pennsylvania Rule of Civil Procedure?

Appellant's Brief at 3-4.

To the extent Appellant's questions involve "interpretation of rules of civil procedure, our standard of review is *de novo*. To the extent [they] involve[] an exercise of the trial court's discretion in granting a motion to dismiss, our standard of review is abuse of discretion." ***Coulter v. Lindsay***, 159 A.3d 947, 952 (Pa. Super. 2017) (citation omitted).

Appellant argues that the trial court "erred and abused its discretion by applying different standards without legitimate reasons and in contradiction to all relevant laws; and in such a manner, denied [Appellant's] access to court." Appellant's Brief at 14. There is no support for this argument. As LabCorp explains, Appellant "added, removed, or marginally changed certain language from one lawsuit, or one version of his complaint, to the next, [but] the underlying facts are not subject to dispute." LabCorp's Brief at 15. LabCorp argues that this case "presents a textbook example of the type of *pro se* litigation that Pennsylvania Rule of Civil Procedure 233.1 is intended to prevent." ***Id.*** at 24. We agree.

The Pennsylvania Supreme Court adopted Rule 233.1 because "certain litigants [were] abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims

have been previously adjudicated." Pa.R.Civ.P. 233.1, cmt. (2010). The Rule was intended "to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failure to secure relief for injuries they perceived but could not substantiate." ***Gray v. Buonopane***, 53 A.3d 829, 835 (Pa. Super. 2012). This Court explained:

> [T]he drafting committee constructed the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar. Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the *pro se* litigant's commencement of further actions against such defendants.

***Id.*** (citations omitted).

Our review confirms that the federal court disposed of Appellant's claims. ***See Kovalev v. Lab'y Corp. of Am. Holdings***, No. CV 22-0552, 2023 WL 2163860 (E.D.Pa. Feb. 22, 2023) ("***Kovalev 2023***"); ***Kovalev v. Lab'y Corp. of Am. Holdings***, No. CV 22-552, 2024 WL 2980211 (E.D.Pa. June 13, 2024) ("***Kovalev 2024***").[3]

The District Court observed that "[t]here is bad blood between" Appellant and LabCorp. ***Kovalev 2023*** at *1. For context, the District Court explained:

---

[3] Appellant appealed the final order entered in ***Kovalev 2024*** on June 20, 2024 at No. 24-2124. At this writing, the appeal is pending with the Third Circuit Court of Appeals.

[Appellant] is a serial *pro se* litigant in our Court. [He] first sued Laboratory Corporation of America and Laboratory Corporation of America Holdings on December 28, 2021…. ***See Kovalev v. Laboratory Corp. of Am., et al.***, No. 21-5862. [Appellant] moved for leave to proceed *in forma pauperis*, [the District Court] denied his motion, and [Appellant] voluntarily dismissed his case under Federal Rule of Civil Procedure 41(a)(1)(A)(i). ***See Kovalev***, No. 21-5682 at ECF No. 7. [Appellant] then refiled his claims at No. 22-552. In addition to his claims against Laboratory Corporation of America, its entities and employees, [Appellant] filed nineteen other cases in this District since 2007: ***Kovalev v. Wal-Mart Stores, Inc., et al.***, No. 07-4873; ***Kovalev v. The City of Philadelphia***, No. 07-4875; ***Kovalev v. Stepansky***, No. 15-6492; ***Kovalev v. The City of Philadelphia***, No. 16-6380; ***Kovalev v. Stepansky***, No. 19-5579; ***Kovalev v. City of Philadelphia***, *No.* 19-5790; ***Kovalev v. Claiborne***, No. 20-188; ***Kovalev v. Callahan Ward 12th St., LLC***, No. 21-2318; ***Kovalev v. Lidl US, LLC***, No. 21-3300; ***Kovalev v. The Home Depot, Inc.***, No. 21-5010; ***Kovalev v. Abode LA, LLC***, No. 21-5234; ***Kovalev v. CityLife-PA, PC***, No. 21-5517; ***Kovalev v. The Covenant Real Estate Group, LLC***, No. 21-5680; ***Kovalev v. Spark Energy, LLC***, No. 21-5693; ***Kovalev v. Home Depot USA, Inc.***, No. 22-465; ***Kovalev v. Spark Energy, LLC***, No. 22-675, ***Kovalev v. Walmart Inc.***, No. 22-1217; and ***Kovalev v. CityLife-PA, PC***, No. 22-1281; ***Kovalev v. Nazareth Hospital***, No. 22-3551.

***Kovalev 2024*** at *3 n.15.

After review, the District Court concluded that Appellant's "attempt to state viable legal claims based on his LabCorp experience is akin to getting blood from a stone." ***Kovalev 2023*** at *23. The District Court explained:

[Appellant] has not alleged sufficient facts for the majority of his [a]mended [c]omplaint to survive the various motions to dismiss before the Court. For the foregoing reasons, LabCorp's, LabCorp Staffing's, and [LabCorp's CEO's] [m]otions to [d]ismiss are granted, and they are no longer defendants in this case. The [m]otion to [d]ismiss [i]mproper [d]efendants is granted without prejudice, such that the defendants Jane Doe I, Jane Doe II, Jane Doe III, [and] LabCorp Center … are dismissed from this case as well. As to LabCorp Holdings, the claim for assault and battery

- 7 -

(Count I) remains, while the claims presented in all other Counts II through XX are dismissed, as is [Appellant's] prayer for injunctive and declaratory relief and punitive damages.

*Id.*

The District Court subsequently disposed of Appellant's surviving assault and battery claim, in which Appellant alleged that LabCorp's "agents assaulted and battered him when asking him to leave its private testing center while he filmed them performing services in the hope of proving they harmed him." *Kovalev 2024* at *1. The District Court found no merit to the claim, granted LabCorp's motion for summary judgment, and "close[d] th[e] case." *Id.* at *8.

Here, the trial court properly granted LabCorp's motion to dismiss because Appellant "alleged (1) the same or related claims for the same … incident against the same or related defendants … as [he] raised in the prior action, and (2) a court proceeding had already resolved those claims in the prior action." TCO at 3. The District Court resolved Appellant's claims against related LabCorp defendants. Although there is some variation with named defendants, Rule 233.1 permits dismissal of a *pro se* action "against the same or related defendants." Pa.R.Civ.P. 233.1(a)(1). Rule 233.1 does not "mandate the technical identity of parties or claims," and "merely requires that the parties and the claims raised in the current action be '*related*' to those in the prior action and that those prior claims have been '*resolved*.'" *Gray*, 53 A.3d at 836 (italics in original).

As to resolution of Appellant's claims, "Rule 233.1 does not require the highly technical prerequisites of *res judicata* or collateral estoppel to allow the trial court to conclude that a *pro se* litigant's claims are adequately related to those addressed in prior litigation." ***Id.*** at 838. In this case, Appellant replicates multiple claims of mistreatment from when he sought to have his blood drawn. The District Court resolved the claims. For example, the District Court found Appellant's "vague requests for injunctive relief [were] unavailing, given that he has not demonstrated a likelihood of suffering future injury." ***Kovalev 2023*** at *20 (citation omitted).

With regard to Appellant's claim that he obtained default judgments, LabCorp points out that Appellant "is incorrect in his assertion that he obtained default judgments against 'LabCorp Employee I and LabCorp Employee II.'" LabCorp's Brief at 22 (citation omitted). LabCorp adds that even if the claims "were not nearly identical," the trial court could not enter judgment against an unidentified defendant. ***Id.*** (citing Pa.R.Civ.P. 2005(g) ("No final judgment may be entered against a defendant designated by a Doe designation.")).

Finally, LabCorp was not required to verify its motion to dismiss because the motion was based on legal — not factual — grounds. LabCorp cited Rule 233.1, and LabCorp's few factual averments were matters of record. ***See*** Pa.R.Civ.P. 1024(a) (requiring verification when a pleading contains "an averment of fact not appearing of record"); Pa.R.E. 201(b) (stating that a court may take judicial notice "of a fact that is not subject to reasonable dispute").

The trial court did not err in granting LabCorp's motion to dismiss pursuant to Rule 233.1. To the contrary, the court properly dismissed Appellant's complaint with prejudice and barred him from filing further *pro se* litigation.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/15/2025