J-A08006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID HATCHIGIAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ELANOR A. MULHERN, MARGOLIS | : | No. 2341 EDA 2025 |
| EDELSTEIN, MCNESS WALLACE & | : | |
| NURICK, DOBIS RUSSELL & | : | |
| PETERSON, PC, BALLARD SPAHR, | : | |
| LLP, COURTNEY M. WENTZEL, | : | |
| JENNIFER S. COATSWORTH, JAMES | : | |
| P. DEANGELO, RACHEL R. HADRICK, | : | |
| JAMES P. PETERSON, JENNY | : | |
| PERKINS, AND ANDREW M. | : | |
| CAROBUS | | |

Appeal from the Order Entered August 12, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  250301272

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED APRIL 29, 2026**

David Hatchigian appeals from the order, entered in the Court of Common Pleas of Philadelphia County, granting Appellees' motion to dismiss pursuant Pa.R.C.P. 233.1.[1]  After review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Pennsylvania Rule of Civil Procedure 233.1 permits a defendant to file a motion to dismiss an action brought by a *pro se* plaintiff that the defendant believes is frivolous because the *pro se* plaintiff has raised the same or related claims in a prior action against the same or related defendants and which have already been resolved.

The trial court summarized the case's factual and procedural history as follows:

[Appellant] filed a statement of claim in Philadelphia County Municipal Court alleging that Robin Ford, Village Ford Parts, Ford Motor Company, and Chase Bank failed to reimburse [Appellant] regarding the purchase and installation of allegedly defective fuel injectors ("Municipal Court Complaint"). On December 8, 2020, [the] Municipal Court dismissed the Municipal Court Complaint [for lack of] jurisdiction over Robin Ford, Village Ford Parts, Ford Motor Company, or Chase Bank due to [Appellant] failing to [serve] or improperly serving the statement of claim upon Robin Ford, Village Ford Parts, Ford Motor Company, and Chase Bank.

On April 1, 2021, [Appellant] and his wife, Joan Randazzo, filed a complaint in the Philadelphia County Court of Common Pleas against the same Robin Ford, Village Ford Parts, Ford Motor Company, and Chase Bank [] alleging the same factual allegations and legal claims raised in his Municipal Court Complaint. [Appellees Coatsworth, DeAngelo, Wentzel, Hadrick, Peterson, Perkins, Carobus, and Mulhern] represented Robin Ford, Village Ford Parts, Ford Motor Company, and Chase Bank in the second lawsuit.

On August 3, 2021, the case was transferred to [the United States District Court for the Eastern District of Pennsylvania]. After two days of trial, the jury returned a verdict in favor of Robin Ford, Village Ford Parts, Ford Motor Company, and Chase Bank and against [Appellant] and [] Randazzo on all claims. [Appellant] appealed the judgment, which the [United States Court of Appeals for the] Third Circuit affirmed on April 7, 2023.

On March 7, 2025, [Appellant] filed the present complaint in the Philadelphia County Court of Common Pleas ("2025 State Court Complaint") against the [Appellees] concerning the same subject matter in controversy as in the prior action, namely [Appellant]'s continued contention that [Appellees] and their clients, Robin Ford, Village Ford Parts, Ford Motor Company, and Chase Bank, breached their obligation to reimburse him for specific costs associated with the purchase and installation of allegedly defective fuel injectors.

On April 7, 2025, [Appellees] filed a [m]otion to [d]ismiss, which the trial court granted on August 12, 2025 and dismissed

- 2 -

[Appellant]'s 2025 State Court Complaint with prejudice as to [Appellees] and ordered that "[Appellant] and his wife, [] Randazzo, are barred from pursuing any further *pro se* litigation, without prior leave of court, raising the same or related claims as brought in this action against the same or related defendants, including, but not limited to the [Appellees] in this lawsuit— Jennifer Segal Coatsworth; Margolis Edelstein; James P. De[A]ngelo; Courtney M. Wentzel; Rachel R. Hadrick; McNees Wallace & Nurick, LLC; James P. Peterson; Dobis, Russell & Peterson, P.C.; Jenny N. Perkins; Andrew M. Carobus; Elan[or] A. Mulhern; and Ballard Spahr, LL[P]—and their counsel—James Kahn; Daniel T. Fitch; David R. Scott; Stradley Ronon Stevens & Young, LLP; Paul K. Russell; Paul Lantieri[;] and Burt Rublin. Order, [] 8/12/25. [Appellant filed a motion for reconsideration on August 31, 2025, which the trial court denied on September 8, 2025.]

Trial Court Opinion, 10/31/25, at 1-3 (headings omitted).

Appellant filed a timely notice of appeal and, although the trial court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, the trial court provided a Rule 1925(a) opinion. Appellant now raises the following issues for our review:

1. Were the requirements of Rule[] 233.1(a)(1) satisfied?

2. Were the requirements of [Rule] 233.1(a)(2) satisfied?

3. Is there a "rational relationship" to any of the prior proceedings listed in the [j]oint [m]otion?

4. Should a trial court issue a Rule 233.1 dismissal whenever a *pro se* complaint alleges an underlying action?

Appellant's Brief, at 7.

Appellant avers, in each issue raised, that the trial court erred in dismissing his complaint pursuant Rule 233.1 because the instant claim is not the same as, or related to, a prior claim against the same or related parties

that has already been resolved. Pennsylvania Rule of Civil Procedure 233.1 provides, in relevant part:

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that[:]

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.C.P. 233.1(a). "To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. To the extent that this question involves an exercise of the trial court's discretion in granting a motion to dismiss, our standard of review is abuse of discretion." ***Coulter v. Lindsay***, 159 A.3d 947, 952 (Pa. Super. 2017) (citation omitted). We have previously examined and summarized Rule 233.1's history and purpose as follows:

Rule 233.1 was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate. ***See*** Pa.R.C.P. 233.1 Comment. Accordingly, the drafting committee constructed the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar. ***See id.*** Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the *pro se* litigant's commencement of further actions against such defendants. ***See id.***

Following scrutiny of the Rule's text, we discern the extent of our Supreme Court's intent in the Rule's allowance of summary proceedings for dismissal substantially less exacting than those required by the Rules of Court for counseled actions, as well as the absence from the language of any of the elements encompassed under the doctrines of *res judicata* and collateral estoppel. The Rule's language is noteworthy, specifically, in its omission of any reference to existing procedures under the Rules for obtaining judgment prior to trial, **see, e.g.,** Pa.R.C.P. 1028(a)(4) (Preliminary Objections (Demurrer)), 1034 (Judgment on the Pleadings), 1035.2 (Summary Judgment). Indeed, the very fact that Rule 233.1 was promulgated in the presence of this series of rules and procedures, that by design tests every aspect of the legal and factual merit of a plaintiff's claim, announces the Supreme Court's focus and intent with exceptional clarity. Quite simply, the Court saw no reason to expose already beleaguered defendants to the demands of extended litigation and the rigor of technical procedural rules for summary disposition when the claims at issue have already been addressed in a substantive manner and resolved.

. . .

[N]either the language of the Rule nor the explanatory comment mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the parties and the claims raised in the current action be "*related*" to those in the prior action and that those prior claims have been "*resolved*." Pa.R.C.P. 233.1(a). These two terms are noteworthy in their omission of the technical precision otherwise associated with claim and issue preclusion; whereas parties and/or claims are to be "identical" under the purview of those doctrines, Rule 233.1 requires only that they be sufficiently related to inform the trial court, in the exercise of its discretion, whether the plaintiff's claim has in fact been considered and "resolved." The drafting committee's recourse to the word "resolved" in this context is equally significant. In the Rule's requirement that the matter have been "resolved pursuant to a written settlement agreement or a court proceeding," the language assures that the *pro se* litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a court proceeding. It does not require, however, that the matter has progressed to a "final judgment on the merits," **Columbia Medical Group, Inc.**[ **v. Herring & Roll, P.C.**,] 829 A.2d [1184,] 1190 [(Pa. Super. 2003)], nor does it

- 5 -

require [the "identity of persons and parties to the action [or the] identity of the capacity of the parties suing or being sued."] ***Daley*** [***v. A.W. Chesterton, Inc.***], 37 A.3d [1175,] 1189–90 [(Pa. 2012).] In view of the circumstances under which the rule was promulgated[] and the object to be attained, ***see*** [Pa.R.C.J.A. 108], we find these multiple omissions indicative of the manner in which [our] Supreme Court intends Rule 233.1 to operate[.]

***Gray v. Buonopane***, 53 A.3d 829, 835–36 (Pa. Super. 2012) (footnotes omitted).

The trial court addressed Appellant's Rule 233.1 argument in its opinion, stating:

[Appellant] alleged (1) the same or related claims for the same controversy against the same or related defendants in this present action as [Appellant] had raised in the prior action, and (2) a court proceeding had already resolved those claims in the prior action.

Each claim in each action is sufficiently and rationally related because they relate to the same subject matter in controversy, namely [Appellant]'s continued contention that [certain Appellees] breached their obligation to reimburse him for specific costs associated with the purchase and installation of allegedly defective fuel injectors. Each party in each action is sufficiently and rationally related because each party in each action is either the same party or a related party in the relevant legal relationship of attorney to client. Each claim and each party in the present action was resolved in the prior action and Rule 233.1 has been justly applied.

. . .

Though [Appellant] may adjust or relabel his claims as he files his next action[,] or though [Appellant] may add as defendants in the present action those individuals who were the attorneys for [Appellant]'s prior defendants, the substance of [Appellant]'s claims and the parties remained sufficiently and rationally related throughout [Appellant]'s many actions such that it is just to apply Rule 233.1.

Trial Court Opinion, 10/31/25, at 6-7 (citation omitted).

We agree. The required rational relationship between the parties and claims is evident here, where Appellant has brought claims against the same entities he sued previously, added as defendants the individuals and law firms who represented those entities in the prior proceeding, and based his claims on the events of that proceeding. This case is, therefore, "the type of case and litigants for which Rule 233.1 was intended[.]" ***Hatchigian v. Gallagher***, 305 A.3d 994, at *3 (Pa. Super. filed Sept. 18, 2023) (Table)[2]. Accordingly, the trial court did not abuse its discretion in dismissing Appellant's claims pursuant Rule 233.1.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/29/2026

---

[2] ***See*** Pa.R.A.P. 126(b) (non-precedential, memorandum decisions filed after May 1, 2019 may be cited for persuasive value).