# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Abdus Shahid, | : |
|         Appellant | : |
| | :   No. 173 C.D. 2025 |
|         v. | : |
| | :   Submitted: May 12, 2026 |
| Mark Possenti | : |

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**PER CURIAM**                              **FILED: June 12, 2026**

Abdus Shahid (Appellant) appeals *pro se* from an order entered by the Court of Common Pleas of Delaware County (trial court), granting the motion to dismiss filed by Mark Possenti (Appellee), the Darby Borough manager, dismissing the complaint with prejudice, and barring him from suing Appellee without leave of court. We affirm.

## I. BACKGROUND[1]

Appellant owns a warehouse in Darby Borough. The complaint alleges that Appellee violated Appellant's civil rights based on race and national origin by conspiring to deprive Appellant of rental income from the warehouse. Specifically, Appellee allegedly "used Darby Borough police to collect rent" directly from Appellant's tenants by threatening them with arrest and removal by force. Compl., 8/30/24, ¶ 5. The complaint claims Appellee collected approximately $3 million in rent for over a decade and seeks $12 million in total damages for the alleged civil rights violations. Appellant has raised the same or related claims concerning the

---

[1] We glean the facts from the complaint and prior proceedings.

warehouse in numerous prior state and federal lawsuits spanning over a decade.[2]

Appellee filed combined preliminary objections and a motion to dismiss under Pa.R.Civ.P. 233.1, arguing that the complaint constituted frivolous and repetitive litigation. In support of his motion, Appellee identified at least seven prior Delaware County suits in which Appellant sued Appellee or related defendants on the same or related claims, all of which were decided against Appellant. Appellee also identified several prior court orders that barred or enjoined Appellant from filing additional suits against the same or related defendants without leave of court. Prelim. Objs. & Mot. to Dismiss, 9/30/24. Appellant countered that his claims were not repetitive because he had never sued for improper collection of rent. Resp. Against Prelim. Objs. & Mot., 10/21/24.

The trial court granted the motion to dismiss with prejudice and barred Appellant from filing additional litigation against the same or related defendants without leave of court. Order, 1/10/25.[3] Appellant timely appealed, and the trial court filed a Pa.R.A.P. 1925(a) opinion.

## II. ISSUES[4]

Appellant contends he did not violate Rule 233.1. Appellant's Br. at 14.

## III. DISCUSSION[5]

In support, Appellant argues that he "did not allege the same or related

---

[2] *See, e.g.*, *Shahid v. Possenti* (E.D. Pa., No. CV 22-1015, filed May 25, 2022), 2022 WL 1664363, at *2 (listing suits), *aff'd*, (3d Cir., No. 22-2117, filed Nov. 18, 2022) (*per curiam*), 2022 WL 17076038.

[3] The trial court's order sustained Appellee's preliminary objections. Order, 1/10/25. In doing so, the court referred to Rule 233.1, and cited several other orders enjoining Appellant from suing the same or related defendants without leave of court. *Id.*

[4] Appellant's brief did not include a statement of questions involved, which is required under Pa.R.A.P. 2111.

[5] "To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. To the extent that this question involves an exercise

claims" against Appellee. *Id.* He similarly contends that no court has decided his allegations and the parties have never settled. *Id.* at 15.

Appellee counters that Appellant is a "serial litigator who continuously" raises "unsubstantiated state civil rights claims" against "municipal defendants in their official capacity." Appellee's Br. at 2. Appellee notes that multiple court orders exist barring Appellant from suing Appellee for "race and national origin discrimination" without leave of court. *Id.* at 4-5. Appellee stresses that Appellant does not profess ignorance of those orders. *Id.* at 5. In support, Appellee cites numerous frivolous federal and state lawsuits. *Id.* at 5-7 (listing cases).

Under Rule 233.1(a), a defendant may move to dismiss "any action filed by a *pro se* plaintiff" if two conditions are met. Pa.R.Civ.P. 233.1(a). First, the *pro se* plaintiff must be "alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants." *Id.* 233.1(a)(1). Second, those claims must have been previously resolved via settlement or court proceeding. *Id.* 233.1(a)(2).

For example, in *Gray v. Buonopane*, 53 A.3d 829 (Pa. Super. 2012), a *pro se* homeowner lost her property in a sheriff's sale and then filed an emergency petition in the foreclosure action claiming that she was illegally locked out and her personal property was removed. *Gray*, 53 A.3d at 831-32. After the trial court resolved that petition by ordering the homeowner to remove her belongings within 20 days, she filed three new lawsuits asserting tort claims against the lender, real estate agents, and their counsel, all arising from the same lockout. *Id.* at 832-33.

---

of the trial court's discretion in granting a 'motion to dismiss,' our standard of review is abuse of discretion." *Coulter v. Ramsden*, 94 A.3d 1080, 1086 (Pa. Super. 2014) (citation modified) (resolving a Pa.R.Civ.P. 233.1 appeal); *see also In re Gun Range, LLC*, 311 A.3d 1242, 1248 n.8 (Pa. Cmwlth. 2024) (explaining we may cite to Superior Court "cases for their persuasive value").

The homeowner argued her tort claims were not "related" to the prior foreclosure proceedings because the causes of action differed and she had been a defendant in the earlier action. *Id.* at 836-37.

*Gray* rejected this argument, holding that Rule 233.1 requires only "a rational relationship evident in the claims made and in the defendant's relationships with one another" to support dismissal. *Id.* at 838. *Gray* thus affirmed because the homeowner's tort claims all arose from the same lockout and property dispute that had been addressed in the prior court proceeding. *Id.*

In *Coulter v. Lindsay*, 159 A.3d 947 (Pa. Super. 2017) (*per curiam*), a *pro se* litigant filed dozens of state and federal lawsuits, all arising from her criminal conviction and the termination of her parental rights. *Coulter*, 159 A.3d at 949-50. In 2015, the litigant filed a federal complaint against her former attorneys alleging they conspired to deny her due process in the underlying proceedings; the federal court dismissed that complaint with prejudice. *Id.* at 949. The litigant then sued in the Court of Common Pleas, conceding in her complaint that she raised the same claims as the dismissed federal action. *Id.* at 950. The Court of Common Pleas granted the defendants' Rule 233.1 motion.

*Coulter* affirmed, reasoning that the litigant's claims were identical to those in the prior 2015 federal action and were "resolved" by the court's dismissal with prejudice. *Id.* at 952. Because the litigant had filed 91 frivolous lawsuits, *Coulter* also enjoined the litigant from appealing civil matters *pro se* without prior leave of court. *Id.* at 955-56.

Here, Appellant's claims satisfy Rule 233.1(a)(1). Appellant sued the same defendant concerning the same warehouse, alleging the same core theory of race and national origin discrimination raised in multiple prior lawsuits. The only

4

variation here is Appellant's request for damages for improperly collected rent. Appellant's prior suits also alleged, *inter alia*, discriminatory conduct involving the same warehouse.

Under *Gray*, any variation in Appellant's present claims is immaterial. *See Gray*, 53 A.3d at 838 (explaining that Rule 233.1 requires only "a rational relationship evident in the claims made and in the defendant's relationships with one another" to justify dismissal). As in *Gray*, which affirmed because the litigant's tort claims arose from the same property dispute resolved in the prior court proceeding, Appellant's complaint also arises from the same property, targets the same defendant, and alleges the same core theory of discrimination. *Cf. id.*

Appellant's claims also satisfy Rule 233.1(a)(2). On numerous occasions, the trial court and federal court have dismissed Appellant's claims. *Cf. Coulter*, 159 A.3d at 952 (explaining that a dismissal resolves a claim under Rule 233.1(a)(2)). Akin to the *Coulter* claims, we also agree Appellant's claims were previously "resolved" by those courts. *See id.*

Further, Appellant violated five prior orders barring Appellant from suing Appellee or related defendants without leave of court. Order, 1/10/25. Appellant does not suggest he requested leave of court before filing the complaint. Appellant's violation of these orders reinforces why the trial court did not abuse its discretion in granting Appellee's Rule 233.1 motion. *See Ramsden*, 94 A.3d at 1086.

## IV. CONCLUSION

For these reasons, we affirm. Should Appellant continue to file frivolous *pro se* lawsuits and appeal to this Court, we may consider issuing an injunction. *See Coulter*, 159 A.3d at 956.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdus Shahid, : 
        Appellant : 
         :   No. 173 C.D. 2025
        v. : 
         : 
Mark Possenti : 

**PER CURIAM**

## O R D E R

AND NOW, this 12th day of June, 2026, we AFFIRM the January 10, 2025 order entered by the Court of Common Pleas of Delaware County that granted the motion to dismiss filed by Mark Possenti and dismissed with prejudice the complaint filed by Abdus Shahid.