J-A08004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID HATCHIGIAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LADOV LAW FIRM, JOSHUA B. | : | No. 1817 EDA 2025 |
| LADOV, ESQ.,  DUBIS RUSSELL & | : | |
| PETERSON PC, MATTHEWS  PAOLI | : | |
| FORD, FORD MOTOR COMPANY, | : | |
| JAMES P. PETERSON, ESQ., JOHN | : | |
| MCELENEY,  JOHN DOE 1-10 | : | |

Appeal from the Order Entered June 13, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  240201322


BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED JUNE 23, 2026**

David Hatchigian appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, granting Appellee John McEleney's motion to dismiss pursuant Pa.R.Civ.P. 233.1.  After review, we affirm.

The trial court summarized this case's tortured factual and procedural history as follows:

> This case is [Hatchigian's] fourth legal action arising from a dispute over a $232[.00] reimbursement.  [Hatchigian] originally filed a Statement of Claim [on August 4, 2021] in the Municipal [C]ourt of Philadelphia (Docket No. SC-21-08-04-3223[)] against Ford Motor Company and Matthews Paoli Ford, a local Ford dealership.  [Hatchigian] alleged that Ford Motor Company and

_____

[*] Former Justice specially assigned to the Superior Court.

Matthews Paoli Ford failed to reimburse [Hatchigian] for $232[.00] in labor costs associated with replacing his vehicle's radiator that was under warranty. The matter proceeded to a trial in Municipal Court on September 21, 2021. The Honorable Christine Hope entered judgment in favor of Defendants.

Rather than filing an appeal in accordance with Philadelphia Municipal Court Local Rule 124, [Hatchigian] filed a federal complaint against Ford Motor Company and Matthews Paoli Ford. On January 27, 2022, the Honorable Karen Spencer Marston of the United States District Court for the Eastern District of Pennsylvania dismissed [Hatchigian]'s complaint, finding he failed to state a claim under the federal statute and declining to exercise supplemental jurisdiction over the state claims. ***Hatchigian, et al. v. Matthews Paoli Ford, et al.***, Civil Action No. 2:21-cv-4643-KSM (E.D. Pa. Jan. 27, 2022)[.]

[Hatchigian] then filed a third action in the Philadelphia County Court of Common Pleas in February 2022[,] raising the same claims as the federal action. [By] order docketed July 1, 2022, [the Honorable Daniel J.] Anders dismissed the complaint upon Defendants' Preliminary Objections on *res judicata* grounds. The Superior Court affirmed this order, finding the complaint barred by collateral estoppel. ***Hatchigian v. Matthews Paoli Ford, et al.***, [301 A.3d 928] (Pa. Super. [] 2023). The Supreme Court of Pennsylvania[] denied [Hatchigian]'s petition for allowance of appeal. [***Id.***, 313 A.3d 944 (Pa. 2024) (Table)].

[Hatchigian] subsequently filed the instant underlying fourth lawsuit in the Philadelphia Court of Common Pleas in February 2024. This lawsuit name[d] new defendants: two law firms and their individual lawyers who represented Ford and Matthews Paoli Ford in the underlying Municipal Court trial, and John McEleney, an employee of Matthews Paoli Ford who testified at the Municipal Court trial. The complaint attempts to differentiate this suit from the prior actions by alleging litigation misconduct at the Municipal Court trial and bringing new claims for common law fraud, professional negligence, and negligent infliction of emotional distress. As to allegations against Defendant-Appellee McEleney, [Hatchigian] alleges that Defendant-Appellee McEleney gave false testimony at the Municipal Court trial. The only claims against Defendant-Appellee McEleney in the underlying lawsuit are a claim for common law fraud and a claim for negligent infliction of emotional distress under the Dragonetti Act, 42 Pa.C.S.A. § 8351. [Hatchigian] alleges that Defendant-Appellee McEleney gave

perjured testimony at the Municipal Court trial and the Defendants' "wrongful litigation conduct" caused [Hatchigian] illness and bodily harm.

Through amended orders dated May 17, 2024 and docketed May 23, 2024, Judge Anders granted motions to dismiss pursuant to Pa.R.C[.]P. 233.1[1] as to all Defendants but McEleney. [Hatchigian] appealed on a collateral order theory, and on July 12, 2024, the Superior Court quashed the appeal as interlocutory when [Hatchigian] failed to respond to a June 13, 2024 rule to show cause. **_Hatchigian v. Ladov Law Firm, et al._**, Superior Court No. 1352 EDA 2024 (Pa. Super. July 12, 2024).

Defendant-Appellee McEleney filed the motion to dismiss underlying the instant appeal on December 12, 2024. On June 12, 2025, order docketed June 13, 2025, this court granted the motion to dismiss, dismissing [Hatchigian]'s complaint with prejudice as to Defendant McEleney and barring [Hatchigian] from pursuing additional _pro se_ litigation against Defendant McEleney arising from the same or related claims without prior leave of court. On June 24, 2025, [Hatchigian] moved for reconsideration of this order. This court denied reconsideration on July 7, 2025, order docketed July 8, 2025.

Trial Court Opinion, 11/3/25, at 2-5 (record citations, footnote, and unnecessary capitalization omitted).

Hatchigian timely appealed, and both he and the trial court have complied with Pa.R.A.P. 1925.[2] Hatchigian raises the following issues for our review:

_____

[1] Pennsylvania Rule of Civil Procedure 233.1 permits a defendant to file a motion to dismiss an action brought by a _pro se_ plaintiff which the defendant believes is frivolous because the _pro se_ plaintiff has raised the same or related claims in a prior action against the same or related defendants and which have already been resolved.

[2] In his opinion, the Honorable Denis P. Cohen only addressed Hatchigian's claims as they related to his orders, i.e., the trial court did not address the

_(Footnote Continued Next Page)_

1. Were the requirements of [Rule] 233.1 (a)(1) and (2) satisfied?

2. Did the trial court err when overlooking that original service of process was perfected by [*p*]*ro* *se* [Hatchigian] on all [Appellees]?

Appellant's Brief, at 7 (reordered for ease of disposition).

Hatchigian argues that the trial court erred in dismissing his complaint pursuant Rule 233.1 because some of the individuals and entities named as defendants were not defendants in a prior action. "To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. To the extent that this question involves an exercise of the trial court's discretion in granting a motion to dismiss, our standard of review is abuse of discretion." **Coulter v. Lindsay**, 159 A.3d 947, 952 (Pa. Super. 2017) (citation omitted).

Pennsylvania Rule of Civil Procedure 233.1 provides, in relevant part:

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that[:]

(1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

---

prior orders by Judge Anders in relation to which Hatchigian also raised claims. Accordingly, we remanded for Judge Cohen to file a supplemental opinion addressing Hatchigian's claims relating to Judge Anders' orders pursuant Pa.R.A.P. 1925(a)(1). **See Hatchigian v. Ladov Law Firm, et al.**, 1817 EDA 2025 (Pa. Super. filed April 23, 2026) (unpublished memorandum decision). Judge Cohen subsequently filed a supplemental opinion fully adopting an opinion of Judge Anders that addresses the issue raised on appeal. We now address the appeal on its merits.

Pa.R.C.P. 233.1(a).  We have previously examined and summarized Rule

233.1's history and purpose as follows:

> Rule 233.1 was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate.  **See** Pa.R.C.P. 233.1 Comment.  Accordingly, the drafting committee constructed the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar.  **See id.**  Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the *pro se* litigant's commencement of further actions against such defendants.  **See id.**
>
> Following scrutiny of the Rule's text, we discern the extent of our Supreme Court's intent in the Rule's allowance of summary proceedings for dismissal substantially less exacting than those required by the Rules of Court for counseled actions, as well as the absence from the language of any of the elements encompassed under the doctrines of *res judicata* and collateral estoppel.  The Rule's language is noteworthy, specifically, in its omission of any reference to existing procedures under the Rules for obtaining judgment prior to trial, **see, e.g.,** Pa.R.C.P. 1028(a)(4) (Preliminary Objections (Demurrer)), 1034 (Judgment on the Pleadings), 1035.2 (Summary Judgment).  Indeed, the very fact that Rule 233.1 was promulgated in the presence of this series of rules and procedures, that by design tests every aspect of the legal and factual merit of a plaintiff's claim, announces the Supreme Court's focus and intent with exceptional clarity.  Quite simply, the Court saw no reason to expose already beleaguered defendants to the demands of extended litigation and the rigor of technical procedural rules for summary disposition when the claims at issue have already been addressed in a substantive manner and resolved.
>
> * * *
>
> [N]either the language of the Rule nor the explanatory comment mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather, it merely requires that the

parties and the claims raised in the current action be "*related*" to those in the prior action and that those prior claims have been "*resolved*." Pa.R.C.P. 233.1(a). These two terms are noteworthy in their omission of the technical precision otherwise associated with claim and issue preclusion; whereas parties and/or claims are to be "identical" under the purview of those doctrines, Rule 233.1 requires only that they be sufficiently related to inform the trial court, in the exercise of its discretion, whether the plaintiff's claim has in fact been considered and "resolved." The drafting committee's recourse to the word "resolved" in this context is equally significant. In the Rule's requirement that the matter have been "resolved pursuant to a written settlement agreement or a court proceeding," the language assures that the *pro se* litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a court proceeding. It does not require, however, that the matter has progressed to a "final judgment on the merits," **Columbia Medical Group, Inc.**[ **v. Herring & Roll, P.C.**,] 829 A.2d [1184,] 1190 [(Pa. Super. 2003)], nor does it require [the "identity of persons and parties to the action [or the] identity of the capacity of the parties suing or being sued."] **Daley** [**v. A.W. Chesterton, Inc.**], 37 A.3d [1175,] 1189–90 [(Pa. 2012).] In view of the circumstances under which the rule was promulgated[] and the object to be attained, **see** [Pa.R.J.A. 108], we find these multiple omissions indicative of the manner in which the Supreme Court intends Rule 233.1 to operate[.]

**Gray v. Buonopane**, 53 A.3d 829, 835–36 (Pa. Super. 2012) (footnotes omitted).

The trial court addressed Hatchigian's Rule 233.1 argument with regard to Appellee McEleney in its opinion, stating:

Here, Defendant-Appellee McEleney is a related defendant to the prior action because he is an employee of Matthews Paoli Ford and testified at the Municipal Court trial. **See** Pa.R.C.P. 233.1(a)(1). [Hatchigian]'s claims against Defendant-Appellee McEleney— fraud and negligent infliction of emotional distress in prior legal actions—stem from his prior legal actions, primarily the Municipal Court action. **See id.** These considerations satisfy the requirement of Rule 233.1(a)(1) that "the *pro se* plaintiff is

- 6 -

alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants[.]" [*Id.*]

[Hatchigian]'s claims against Defendant-Appellee McEleney have also "been resolved pursuant to a . . . court proceeding" as required by Rule 233.1(a)(2). [Hatchigian] did not address the alleged litigation misconduct in an appeal of the Municipal Court ruling. Rather, he raised these claims for the first time two-and-a-half years after the Municipal Court trial and three lawsuits later. In addition, the instant situation resembles that in **Coulter v. Ramsden**, [94 A.3d 1080 (Pa. Super. 2014),] because [Hatchigian]'s complaint alleged "additional instances" in which Defendant-Appellees harmed [Hatchigian] in underlying lawsuits. **See** [*id.*] at 1088. Thus, Rule 233.1(a)(2) is satisfied.

Because Defendant-Appellee McEleney's underlying motion to dismiss satisfied the requirements of Rule 233.1, this court properly dismissed the complaint with prejudice as to Defendant-Appellee John McEleney. Moreover, upon finding the requirements of Pa.R.C.P. 233.1 satisfied and in accordance with Rule 233.1(c), this court properly "bar[red] the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court." Pa.R.C.P. 233.1(c).

Trial Court Opinion, 11/3/25, at 9-10 (unnecessary capitalization omitted).

In its May 21, 2026 supplemental opinion, the trial court adopted the October 7, 2025 opinion issued by Judge Anders providing the basis for his orders dismissing Hatchigian's claims against the remaining Appellees. **See** Trial Court Supplemental Opinion, 5/22/26, at 3. Judge Anders' opinion explained his rationale for granting the remaining Appellees' motions to dismiss pursuant Pa.R.C.P. 233.1(a) and (c) as follows:

Here, the trial court properly granted Defendants' motion[s to dismiss]. *Pro se* Plaintiff alleged[:] (1) the same or related claims for the same controversy against the same or related defendants in this present action as *pro se* Plaintiff had raised in the prior actions, and (2) court proceedings had already resolved those claims in the prior actions.

- 7 -

Each claim in each action is sufficiently and rationally related because they relate to the same subject matter in controversy, namely Plaintiff's continued contention that Defendants breached their obligation to reimburse him for specific costs associated with a purchased but leaking radiator. Each party in each action is sufficiently and rationally related because each party in each action is either the same party or a related party in the relevant legal relationship of attorney to client. Each claim and each party in the present action was resolved in the prior actions and Rule 233.1 has been justly applied.

Even the more substantially exacting standards of claim preclusion recognize and preclude the claims or parts of claims a plaintiff *could or should have made in a prior action. In re Coatesville Area Sch. Dist.*, 244 A.3d 373, 379[−85] n.5 and 6 (Pa. 2021); *In re Stevenson*, 40 A.3d 1212, 1222 (Pa. 2012); *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995); *Boulin v. Brandywine Senior Care, Inc.*, 307 A.3d 845, 851 (Pa. Commw. Ct. 2024); *Khalil v. Travelers Indem. Co. of Am.*, 273 A.3d 1211, 1224[] n.10 (Pa. Super. [] 2022). Additionally, even the more substantially exacting standards of claim preclusion recognize that an attorney is in a legal relationship with the client such that precluded claims against the client are also precluded against the attorney. *Khalil*, 273 A.3d at [1224] n.10.

Lastly, even the more substantially exacting standards of claim preclusion recognize that when a party's intent is really to obtain a second trial on the same claim made between the same parties that a prior court proceeding had previously decided, the shuffling of plaintiffs on the record, the changing of the type of relief sought, or minor differences in (1) who the parties are in each action[,] (2) what the allegations are in each action, and (3) the form in which the party's claims take in each action[n] do not nullify the preclusion of that party's claims in the subsequent action. [*Id.*] at 1224.

Though Plaintiff may adjust or relabel his claims as he files his next action[,] or though Plaintiff may add as defendants in the present action those individuals who were the attorneys for Plaintiff's prior Defendants, the substance of Plaintiff's claims and the parties remained sufficiently and rationally related throughout Plaintiff's many actions such that it is just to apply Rule 233.1. As such, the trial court properly granted Defendants' motion[s] pursuant to Rule 233.1(a) and (c).

- 8 -

Trial Court Opinion, 10/7/25, at 5-6 (record citations and unnecessary capitalization omitted).

We agree with the analysis and reasoning of both trial court judges on the issues Hatchigian raised on appeal. The required relationship between the parties and claims is present because Hatchigian has repackaged the same claims against the same entities he sued previously, this time adding as defendants the individuals and law firms who represented those entities in the prior proceedings, and based his claims on the events of that proceeding. This case is, therefore, "the type of case and litigants for which Rule 233.1 was intended[.]" ***Hatchigian v. Mulhern, et al.***, 2341 EDA 2025, 2026 WL 1165434, at *4 (Pa. Super. filed Apr., 29, 2026) (unpublished memorandum decision)[3] (citing ***Hatchigian v. Gallagher***, 305 A.3d 994, at *3 (Pa. Super. filed Sept. 18, 2023) (Table)). Accordingly, the trial court did not abuse its discretion in dismissing Hatchigian's claims pursuant Rule 233.1. ***Coulter***, ***supra***.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/23/2026

---

[3] ***See*** Pa.R.A.P. 126(b) (non-precedential, memorandum decisions filed after May 1, 2019 may be cited for persuasive value).